Dolores McGUANE, Plaintiff-Appellant,

v.

**CHENANGO COURT, INC.,**
**Defendant-Appellee.**

**No. 6, Docket 34658.**

United States Court of Appeals,
Second Circuit.

Submitted Sept. 15, 1970.

Decided Sept. 22, 1970.

Paul Taylor, Binghamton, Broome Legal Assistance Corporation, Binghamton, N. Y., submitted briefs for plaintiff-appellant.

Kramer, Wales, Robinson & McAvoy, Binghamton, N. Y., submitted brief for defendant-appellee.

Before FRIENDLY, SMITH and HAYS, Circuit Judges.

**1190**

PER CURIAM:

Defendant, Chenango Court, Inc., a Pennsylvania corporation, constructed the Country Towne Apartments in Binghamton, New York, with the assistance of federal insurance for a mortgage under 12 U.S.C. § 1715*l*(d). In July 1965, Mrs. McGuane and her husband leased an apartment. The term was for one year, but the lease was automatically renewed on an annual basis until the year ending June 30, 1969. In accordance with a provision in the lease she was notified 45 days before that date that it would not be renewed for the ensuing year. Although no reason was given in the notice, the lessor had previously advised Mrs. McGuane that numerous complaints had been received concerning annoyance she was causing.

Asserting jurisdiction under the Civil Rights Act, 42 U.S.C. § 1983, see 28 U.S.C. § 1343(3), Mrs. McGuane brought this action in the District Court for the Northern District of New York for an injunction compelling the defendant to hold "a full, fair, and impartial hearing" on her prospective eviction. Later she moved for an order to stay Chenango Court from pursuing a state eviction proceeding under § 711 of the New York Real Property Actions and Proceedings Law, McKinney's Consol.Laws, c. 81. Defendant countered with a motion to dismiss. The court granted the defendant's motion on two grounds. These were that plaintiff had not asserted a deprivation of constitutional rights "under color of any statute, ordinance, regulation, custom, or usage of any State or Territory," within 42 U.S.C. § 1983, and that she was complaining only of the deprivation of property rights and was therefore not within the protection of the Civil Rights Act. For the latter proposition the judge cited our recent decisions in Eisen v. Eastman, 421 F.2d 560 (1969) and Davenport v. Berman, 420 F.2d 294 (1969).

■ We are not persuaded with respect to the second ground. A tenant's interest in not being evicted is a good deal more "personal" than a landlord's interest in resisting rent controls, the situation to which the two cited decisions were addressed. Indeed, we decided that such an interest is within the protection of the Civil Rights Act implicitly in Holmes v. New York City Housing Authority, 398 F.2d 262 (2 Cir. 1968), and explicitly in Escalera v. New York City Housing Authority, 425 F.2d 853, 864–865 (1970). But the district court was correct in holding that the complaint failed to allege state action as the Civil Rights Act requires. Receipt of federal benefits in the form of mortgage insurance under the National Housing Act does not make the defendant an agency of the State of New York so as to require it to accord the procedural due process which the Fourteenth Amendment demands of a state. Neither, despite some language in Shelley v. Kraemer, 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948), can state action be found in New York providing defendant with the same right to secure the eviction of a tenant by a proceeding in its courts that it gives to all landlords; the one thing now almost universally agreed is that such a rationale for that landmark decision would be altogether too far-reaching.

■ Appellant places heavy reliance on Thorpe v. Housing Authority of City of Durham, 393 U.S. 268, 89 S.Ct. 518, 21 L.Ed.2d 474 (1969). The Court there held that the Authority, which had received grants under the federal program for assisting low rent housing through the medium of public housing agencies, 42 U.S.C. § 1401 et seq., had to comply with a circular issued by the Department of Housing and Urban Development which forbade local housing authorities in such projects from giving a notice to vacate without telling the tenant the reasons for the proposed eviction and giving him an opportunity for reply and explanation. Appellant's reliance is misplaced, for several reasons. Unlike this case, Thorpe was an action in a state court and, although the defendant was in fact a state agency, there was no claim, or need for one, that it was acting in violation of the Civil Rights Act. Moreover, while appellant asserts that some

regulation of the Federal Housing Administration prevents an owner of property financed by a federally insured mortgage from refusing to renew a lease without according a hearing to the tenant, she cites nothing to that effect; defendant says inquiry from H.U.D. has elicited that no such regulation exists; and our own research has found none. Finally, even if there were such a regulation, a breach of it by defendant would not support federal jurisdiction under 28 U.S.C. § 1343(3) but only under 28 U.S.C. § 1331, with its requirement of a $10,000 jurisdictional amount, not satisfied here.

Affirmed.