Thomas J. **KERRIGAN**

v.

Gerald A. **BOUCHER**, Claude A. Paquette,
and Leo Garcia.

Civ. No. 14153.

United States District Court,
D. Connecticut.

Feb. 24, 1971.

Douglas M. Crockett, John A. Dziamba, Raymond B. Marcin, Hartford, Conn., Neighborhood Legal Service, Inc., for plaintiff.

## RULING ON MOTION FOR SUMMARY JUDGMENT

BLUMENFELD, District Judge.

When this action in forma pauperis was commenced, the plaintiff sought injunctive relief and damages in an unspecified amount. Before the case came on for hearing, plaintiff's counsel informed the court that the plaintiff's property which was the subject matter of this case had been returned to him and that the record should be enlarged to include that fact. In spite of this substantial resolution of the dispute, the matter is now pressed upon the court by the plaintiff's motion for summary judgment, with the principal prayer being for a declaration that Conn.Gen. Stats. § 49–68 [1] is unconstitutional on the ground that it violates the fourth, ninth and fourteenth amendments to the Constitution.[2]

Stripped of nonessential verbiage, the complaint alleges that on November 10, 1970, the plaintiff "had been renting a

---

1. Section 49–68:

    "*Liens of boarding house keepers.*

    "When a special agreement has been made between the keeper of any boarding or lodging house and any person boarding or lodging at such house, regarding the price of such board or lodging, all the baggage and effects kept by such person at such house shall be subject to a lien in favor of the keeper of such house for all such sums as are at any time due him from such person for board or lodging; and such boarding house or lodging house keeper may detain such baggage and effects until such debt is paid; and, if it is not paid within sixty days after it is due, he may sell such property, or such part thereof as is necessary, and apply the proceeds to the payment of such debt."

2. The complaint retains a prayer for damages, although counsel represented that plaintiff now seeks no more than nominal damages. Since return of the goods does not dispose of the request for damages, the case is saved from mootness. Powell v. McCormack, 395 U.S. 486, 495–500, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969). Even the request for declaratory relief may be sufficient to defeat mootness. *Id.* at 498–499, 89 S.Ct. 1944.

Perhaps it is too much to expect litigants and counsel to control the urge to rush "to the federal courts with constitutional banners waiving high" with every case no matter how trivial the stake. *Cf.* Farrell v. Joel, 437 F.2d 160, 163 (2d Cir. 1971).

room from the defendants on an oral, week-to-week basis"[3] in Hartford, and on that date "the Defendants because of an alleged arrearage in the payment of the said weekly rent,[4] caused numerous belongings of the Plaintiff including but not limited to the Plaintiff's artificial dentures, two pairs of his eye glasses, his shaving equipment, his undergarments, his suit, his radio, his television set, his coin collection and his other personal effects, to be taken and held from the Plaintiff." The articles at issue are alleged by the plaintiff to be "necessary for his health, life, safety and personal dignity." The plaintiff's demands for the return of said items were refused prior to the filing of the complaint.

### Jurisdiction

The complaint alleges that original jurisdiction is conferred upon this court under the provisions of 28 U.S.C. § 1343(3) as it relates to actions arising under the Civil Rights Act, 42 U.S.C. § 1983.[5]

Plaintiff's allegation that defendants' conduct violated his federal constitutional rights is enough to confer jurisdiction on this court. Whether his complaint states a claim under 42 U.S.C. § 1983 upon which relief may be granted is not a question of jurisdiction. Bell v. Hood, 327 U.S. 678, 681–683, 66 S.Ct. 773, 90 L.Ed. 939 (1946); Harmon v. Superior Court, 307 F.2d 796, 798 (9th Cir. 1962). The viability of the claim stated can only

be decided after the court has assumed jurisdiction. Bell v. Hood, *supra*, 327 U.S. at 682, 66 S.Ct. 773.

Plaintiff's complaint sufficiently alleges a deprivation of a right of "personal liberty, not dependent for its existence upon the infringement of property rights." Hague v. CIO, 307 U.S. 496, 531, 59 S.Ct. 954, 971, 83 L.Ed. 1423 (1939), an allegation necessary to support jurisdiction under 28 U.S.C. § 1343(3). *Id.*; Eisen v. Eastman, 421 F.2d 560, 565–566 (2d Cir. 1969). Rights of a lodger or tenant in those subsistence-related items of his personal property which might be subject to a lien of this kind have been held to be rights of personal liberty. Hall v. Garson, 430 F.2d 430, 438 (5th Cir. 1970); Santiago v. McElroy, 319 F.Supp. 284, 291 (E.D.Pa. 1970); Klim v. Jones, 315 F.Supp. 109, 115 (N.D.Cal.1970); *see* Johnson v. Harder, 438 F.2d 7 (2d Cir. 1971); *cf.* Tichon v. Harder, 438 F.2d 1396 (2d Cir. 1971); Lynch v. Household Fin. Corp., 318 F.Supp. 1111, 1113–1114 (D.Conn. 1970).

### The Merits

Plaintiff's motion requests a judgment in his favor on the merits. The court has already pointed out some deficiencies in the pleadings which might have presented factual issues of sufficient materiality to defeat summary judgment. *See* footnote 4, *supra*. Even assuming, however, that the facts are such as to

---

3. There is a critical distinction between a tenant and a lodger. "Upon the goods of the lodger his landlord has a lien for unpaid rent; upon those of his tenant he has no lien." Mathews v. Livingston, 86 Conn. 263, 267, 85 A. 529, 531 (1912).

4. This allegation falls somewhat between an anticipatory denial that he did not pay his rent and an ambiguous admission that he did not. If there ever was any basis for a grievance which his counsel seek so exhaustively to exploit, it must be inferred that the plaintiff disputes this "alleged arrearage." No such inference could be made in the plaintiff's favor on a motion for summary judgment. The pleadings are to be viewed in the light

most favorable to the party opposing a motion for summary judgment. Poller v. CBS, Inc., 368 U.S. 464, 473, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962).

5. Section 1983:
   "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

raise in its purest form a constitutional challenge to the statute, plaintiff's complaint does not state a claim under 42 U.S.C. § 1983 upon which relief may be granted. Accordingly, for the reasons to follow, the complaint must be dismissed on the merits. Since the deficiency is not one which could be cured by amendment, the court views dismissal on this ground as the preferable disposition of this case, especially in view of the fact that defendants are not represented and have no interest in further defending the suit so long as plaintiff would be satisfied with nominal damages. I turn then to the reasons the complaint does not state a claim.

■ To bring this case within the reach of § 1983, the plaintiff has alleged that "in causing to be taken and detained and in refusing to return the said items, the Defendants have acted under color of law pursuant to § 49–68. * * *" I cannot agree. In order for the acts complained of to be "under color of any statute, * * * of any State * * *" so as to give rise to a cause of action under § 1983, there must be some state involvement in those acts. Adickes v. S. H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Section 1983 safeguards constitutional rights from infringement only by persons who act under some state authority, not from infringement by private citizens who commit wrongful acts, no matter how willful and malicious they may be. Spampinato v. M. Breger & Co., 270 F.2d 46, 49 (2d Cir. 1959), cert. denied, 361 U.S. 944, 80 S.Ct. 409, 4 L.Ed.2d 363, reh. denied, 361 U.S. 973, 80 S.Ct. 597, 4 L.Ed.2d 553 (1960).

■■ In each case where constitutional rights have allegedly been denied under color of state law, there is "the necessity for a court to assess the potential impact of official action in determining whether the State has significantly involved itself *. * *." Reitman v. Mulkey, 387 U.S. 369, 380, 87 S.Ct 1627, 1634, 18 L.Ed.2d 830 (1967).[6] In this case, nothing is alleged which remotely suggests that the defendants were acting in any capacity other than that ·of parties to a private agreement.

By specific terms, lien rights on baggage and effects kept at the lodging house arise only "[w]hen a special agreement has been made between the keeper of any * * * lodging house and any person * * * lodging at such house, regarding the price of such * * * lodging * * *." (See footnote 1, supra). There is no suggestion that the price of the lodging was state imposed rather than the free choice of the plaintiff. No state action requires the parties to enter into a bargain or restrict them in negotiating the terms of any agreement. State law governs ownership interests in property. Morgan v. Commissioner of Internal Revenue, 309 U.S. 78, 80, 60 S.Ct. 424, 84 L.Ed. 585 (1940). Section 49–68 harmonizes the rights of the lodger and the lodging house keeper in only the "baggage and effects" which the lodger has brought into his lodging. There is no support for a contention that the acts of the defendants in taking and withholding the plaintiff's property were compelled by § 49–68. Cf. Adickes v. S. H. Kress & Co., supra, 398 U.S. at 169–171, 90 S.Ct. 1598, 26 L.Ed.2d 142. The owner's own default is the cause of asserting the lien. If the assertion is wrongful, the lodging house keeper can be held liable in conversion. Similar laws affect a wide range of contractual

---

6. It is not wholly amiss to point out that the enforcement of lien rights has been held not to be contrary to public policy. Further, a statute providing for a lien to secure payment for services rendered does not violate substantive due process. Cf. Snell v. Wyman, 281 F.Supp. 853 (S.D.N.Y.1968) (3-judge district court), aff'd per curiam, 393 U.S. 323, 89 S.Ct. 553, 21 L.Ed.2d 511 (1969). Liens for other types of services have been upheld against constitutional challenges, e. g., Crucible Steel Co. of America v. Polack Tyre & Rubber Co., 92 N.J.Law 221, 104 A. 324 (1918) (garagekeepers & repairman's lien); Federal Farm Mortgage Corp. v. Falk, 67 N.D. 154, 270 N.W. 885, 113 A.L.R. 724 (1936), cert. denied, 302 U.S. 704, 58 S.Ct. 24, 82 L.Ed. 544 (1937) (mechanic's lien).

relationships. Connecticut's boarding house keepers lien law is simply a statutory modification of the ancient common law innkeepers lien.[7]

The state has not made these defendants agents of the State of Connecticut so as to require them while acting in their private capacity "to accord the procedural due process which the Fourteenth Amendment demands of a state." McGuane v. Chenango Court, Inc., 431 F.2d 1189, 1190 (2d Cir. 1970). *Contra* Hall v. Garson, *supra*, 430 F.2d at 438–440; Klim v. Jones, *supra*, 315 F.Supp. at 113–115. *Cf.* Santiago v. McElroy, *supra*, 319 F.Supp. at 292 (where the challenged statute authorized only state officials to conduct sales of distrained property). I do not find persuasive the reasoning in the latter two cited cases that the fact that the liens can be imposed and the sales performed only because of specific statutory authority is enough for state action under Shelley v. Kraemer, 334 U.S. 1, 68 S.Ct. 836, 92 L.Ed. 1161 (1948), and Reitman v. Mulkey, *supra*, 387 U.S. 369, 87 S.Ct. 1627, 18 L.Ed.2d 830. A similar argument was decisively rejected in McGuane v. Chenango Court, Inc., *supra*, 431 F.2d at 1190:

"Neither, despite some language in Shelley v. Kraemer, 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948), can state action be found in New York providing defendant with the same right to secure the eviction of a tenant by a proceeding in its courts that it gives to all landlords; the one thing now almost universally agreed is that such a rationale for that landmark decision would be altogether too far-reaching."[8]

For the foregoing reasons, the complaint does not state a claim under 42 U.S.C. § 1983. Since this deficiency could not be corrected by amendment, the case must be dismissed on that ground.

So ordered.

---

7. For a full discussion of the historical development of the lien *see* Klim v. Jones, *supra*, 315 F.Supp. at 118–120.

8. *See* Black, C.L., Foreword: "State Action," Equal Protection, and California's Proposition 14, The Supreme Court, 1966 Term, 81 Harv.L.Rev. 69 (1967), for an instructive discussion by a distinguished legal scholar.