Thomas J. **KERRIGAN**, Plaintiff-Appellant,

v.

Gerald A. **BOUCHER** et al., Defendants-Appellees.

No. 52, Docket 71–1388.

United States Court of Appeals, Second Circuit.

Argued Sept. 23, 1971.

Decided Oct. 14, 1971.

Raymond B. Marcin, Douglas M. Crockett, John A. Dziamba, Hartford, Conn., for plaintiff-appellant.

No appearance for defendants-appellees.

Before FRIENDLY, Chief Judge, and MULLIGAN and TIMBERS, Circuit Judges.

MULLIGAN, Circuit Judge:

Thomas J. Kerrigan rented a room on a week to week basis in Hartford, Connecticut from defendant owners, Boucher and Paquette and their agent—superintendent Garcia. On or about November 10, 1970, because of an alleged $30 rent arrearage, the defendants seized Kerrigan's artificial dentures, two pair of eyeglasses, shaving equipment, undergarments, suit, radio, television set, coin collection and other personal effects. The record is silent as to the manner in which this total deprivation of Mr. Kerrigan's most intimate accessories was accomplished. On November 27, 1970 this action in *forma pauperis* was commenced in the United States District Court of Connecticut. Federal jurisdiction was urged on the basis that the defendants were acting under color of law pursuant to section 49–68 of the Connecticut General Statutes[1] which gives boarding house keepers a lien upon the baggage and the personal effects of non-paying lodgers until the debt is paid and further provides for the landlord's right to sell such detained goods if the debt is not paid within 60 days. Plaintiff urged that the Connecticut statute either on its face or as applied to him violates the fourth, ninth and fourteenth amendments of the Constitution and that original jurisdiction was conferred upon the court under the provisions of 28 U.S.C. § 1343 which gives the District Court jurisdiction over most claims made under 42 U.S.C. § 1983. The plaintiffs sought a declaration that the Connecticut statute is unconstitutional, as well as injunctive relief against the landlord and damages. Sometime after the commencement of the action the defendants returned all of Kerrigan's possessions; they then failed to appear or to answer the complaint. Plaintiff moved for summary judgment which was denied by United States District Judge Blumenfeld in an opinion in which he found insufficient state action upon which to base a claim under 42 U. S.C. § 1983. The complaint was dismissed on the merits. 326 F.Supp. 647 (D.Conn.1971).

We affirm the denial of the motion and the dismissal of the complaint but not upon the ground of lack of state action, an issue concerning which we make no determination and express no opinion. We hold that the complaint should be dismissed on the ground of mootness and that in the absence of any "case or controversy", the court has no jurisdiction of the subject matter. U.S.Const. art. III, § 2. On the argument of this appeal, counsel for the plaintiff advised that Mr. Kerrigan had moved from the premises and now was lodging elsewhere in Hartford. In view of the treatment accorded him by his former hosts, his departure is understandable. However, it leaves us without any of the classical elements of justiciability.

"No federal court, whether this court or a district court, has 'jurisdiction to

---

1. The statute provides:

"When a special agreement has been made between the keeper of any boarding or lodging house and any person boarding or lodging at such house, regarding the price of such board or lodging, all the baggage and effects kept by such person at such house shall be subject to a lien in favor of the keeper of such house for all such sums as are at any time due him from such person for board or lodging; and such boarding house or lodging house keeper may detain such baggage and effects until such debt is paid; and, if it is not paid within sixty days after it is due, he may sell such property, or such part thereof as is necessary, and apply the proceeds to the payment of such debt." Conn.Gen.Stat. Rev. § 49–68 (1958).

pronounce any statute, either of a state or of the United States, void, because irreconcilable with the Constitution *except as it is called upon to adjudge the legal rights of litigants in actual controversies.'* Liverpool, N. Y. & P. S. S. Co. v. Commissioners, 113 U.S. 33, 39 [5 S.Ct. 352, 28 L.Ed. 899] (1885)." Golden v. Zwickler, 394 U.S. 103, 110, 89 S.Ct. 956, 960, 22 L.Ed.2d 113 (1968). (Emphasis in original.) It does not appear in the record that Kerrigan had moved out prior to the determination of the motion for summary judgment. However, if a remand were granted, there would clearly be no subsisting relationship between plaintiff and defendants upon which any declaratory or injunctive relief could be bottomed. See, Golden v. Zwickler, 394 U.S. at 108, 89 S.Ct. 956; Sanks et al. v. Georgia, 401 U.S. 144, 148, 91 S.Ct. 593, 27 L.Ed.2d 741 (1971). The fact that Kerrigan may be a lodger in some other rooming house in the State of Connecticut is not relevant. This is not a class action. There is no indication at all that he has failed to pay his rent to his new landlord or that detention of his personal effects is even remotely threatened. That issue is certainly not ripe for determination and is academic. (See E. Borchard, Declaratory Judgments, 46–71 (2d ed. 1941); Note, Mootness on Appeal in the Supreme Court, 83 Harv.L.Rev. 1672, 1682–1683 (1970).) The prospect that either of the parties here would resume their prior relationship seems particularly remote. The defendants herein have never appeared on trial or on appeal and have shown no interest at all in upholding the constitutionality of the Connecticut statute. The State of Connecticut which presumably would have such an interest was not made a party to this action and was not even notified of its pendency.

The court below relied on Powell v. McCormack, 395 U.S. 486, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969) for the proposition that the return of the goods did not dispose of the damage question and thus saved the case from being mooted. The *Powell* case is clearly distinguishable.

In that case, a former congressman alleged that he was unconstitutionally deprived of his seat by a House resolution. After a dismissal of his petition by the district court on the ground that it lacked jurisdiction of the subject matter, Powell v. McCormack, 266 F.Supp. 354 (D.D.C.1967), aff'd, 129 U.S.App.D.C. 354, 395 F.2d 577 (1968), the Supreme Court granted certiorari 393 U.S. 949, 89 S.Ct. 371, 21 L.Ed.2d 361 (1968) and while the case was pending, Powell was seated by the next Congress. The court found that the issue was not mooted since his claim for back salary was "hotly contested by clearly adverse parties," Powell v. McCormack, 395 U.S. 486, 498, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969), and that there was no suggestion that plaintiff's claims for "declaratory relief are insufficient." 395 U.S. at 499, 89 S.Ct. 1944, 1952.

In this case there is no basis for granting any prospective relief either in the form of injunction or declaration since there is no existing relationship between the parties as we have indicated. Powell's claim for back salary was not insubstantial and was hotly contested. There is no contest at all here. The personal effects have been returned and the plaintiff's claim for damages was conceded to be "nominal." While it has been suggested that a defect in the declaratory relief requirement of justiciability may follow from the deliberate failure of the defendant to make an appearance, (E. Borchard, Declaratory Judgment, 42 (2d ed. 1941) ) this is obviously not a case of a landlord attempting to frustrate the relief sought. It is apparent that the defendants thought it was the better part of wisdom to return the plaintiff's property rather than undergo the expense of defending this law suit which has broad constitutional implications.

The basic proposition which plaintiff is seeking to establish is the unconstitutionality of the Connecticut statute. Not having found a justiciable controversy permitting a declaration, the claim for nominal damages, which is clearly

**490**

incidental to the relief sought, cannot properly be the basis upon which a court should find a case or controversy where none in fact exists.

In a comparable setting, a physically handicapped teacher, who was denied a teaching license, commenced an action against the Board of Education under 42 U.S.C. § 1983 alleging violations of due process and equal protection guarantees, seeking declaratory and injunctive relief as well as damages. The case was mooted by a subsequent reversal by the Board of its initial determination. A contention was made that her claim for damages persisted. Judge Mansfield, then sitting on the District Court, held that the essential mootness of plaintiff's claim was not affected by the claim for damages and further held that a claim for damages alone would not support a civil rights action under § 1983 and § 1343(3). Heumann et al. v. Board of Educ. of City of New York, 320 F.Supp. 623, 625 (S.D.N.Y.1970).

In view of the absence of an actual controversy by reason of all of the circumstances set forth *supra,* we affirm the dismissal of the complaint for lack of jurisdiction of the subject matter.