**Benjamin Alfonso HOLLAND, Petitioner-Appellant,**

v.

**E. Wilson PURDY, as Sheriff of Dade County, Florida, Respondent-Appellee.**

No. 71–3090

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

March 17, 1972.

PER CURIAM:

This is an appeal from the district court's dismissal of Holland's petition for injunctive relief, filed pursuant to 42 U.S.C.A. § 1983. We vacate and remand.

In his petition in the district court, Holland contended that he had been subjected to cruel and unusual punishment from June 16, 1971 until June 29, 1971, while incarcerated at the Dade County, Florida, Jail. He alleged that he was subjected to physical duress, and that the officials at the jail refused to permit him to see a notary public or send out any legal documents. In his complaint, Holland sought to have the officials at the Dade County Jail enjoined from such practices.

At the time his pleadings were filed in the district court, Holland had been transferred from the Dade County Jail to another penal institution in the

---

* [1] Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

State of Florida. Since Holland was no longer subjected to the complained-of conditions at the time this litigation was instituted, nor is he at the present time, the petition should have been dismissed on the ground of mootness. McCarroll v. Morrow, 5 Cir. 1971, 435 F.2d 560; Bryant v. Blackwell, 5 Cir. 1970, 431 F.2d 1203.

The judgment of the district court dismissing the action for failure to state a claim upon which relief could be granted is vacated and the cause is remanded with directions to dismiss the action on the ground of mootness.

Vacated and remanded.