**Fred Arispe CRUZ, Plaintiff-Appellant,**

v.

**W. J. ESTELLE, Director, Texas Department of Corrections, Defendant-Appellee.**

**No. 72–3701.**

United States Court of Appeals, Fifth Circuit.

July 19, 1974.

Herman Schwartz, Edward I. Koren, Amherst, N. Y., for plaintiff-appellant.

John L. Hill, Atty. Gen., Max P. Flusche, Jr., Asst. Atty. Gen., Austin, Tex., for defendant-appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

SIMPSON, Circuit Judge:

The appellant Fred A. Cruz, then a Texas prison inmate, sued Dr. Beto, the Director of the Texas Department of Corrections in federal district [1] court in May 1970, seeking injunctive, declaratory, and pecuniary relief. Jurisdiction was alleged under Title 28, U.S.C. Sec. 1343, and Title 42, U.S.C. Sec. 1983.[2] The district court dismissed the petition without hearing. Cruz v. Beto, S.D. Tex.1970, 329 F.Supp. 443. We affirmed per curiam, Cruz v. Beto, 5 Cir. 1971, 445 F.2d 801. The Supreme Court of the United States granted Cruz's petition for writ of certiorari, vacated our judgment and remanded the cause to the district court for a hearing and appropriate findings. Cruz v. Beto, 1972, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263.

Upon remand the district court on June 22, 1972, again dismissed the action without a hearing and without notice, by an order stating merely that "[I]t appearing that the Petitioner has been released from confinement, the questions raised are moot and the action dismissed."

Petitioner had been represented by counsel in this court and before the Supreme Court, but apparently was no longer. He responded to the district court's dismissal order by pro se "Motion to Alter or Amend Judgment and/or for Correction of Judgment or Order"; assertedly under Rules 59(a) and 60(b) of the Federal Rules of Civil Procedure. This motion urged that the proceedings were not mooted by Cruz's release from prison inasmuch as (1) the original complaint's demand for damages survived his release from confinement and (2) the complaint was filed as a class action, under Rule 23(b)(2), Federal Rules of Civil Procedure, and plaintiff was entitled to a hearing to determine the propriety of the class action and his right to represent the class.[3] This motion was denied below, again without a hearing, by a minute entry which is set forth in the margin.[4]

Cruz pro se filed timely notice of appeal and sought leave to appeal in forma pauperis, which the lower court denied. Upon our granting such leave, Cruz's appeal was perfected and orally argued by counsel.[5] We reverse the judgment ap-

---

1. The suit, originally filed in the Eastern District of Texas was transferred to the Southern District of Texas when Cruz was transferred within the Texas penal system from Tyler in the Eastern District to an institution near Houston in the Southern District. As noted in the text, infra, he has now been released from confinement.

2. Cruz's pro se petition also alleged jurisdiction under Title 28, U.S.C. Sec. 2201, the federal declaratory judgment act, which is of course not a jurisdictional statute, but simply provides a remedy in cases where federal jurisdiction is otherwise present. On the prior appeal to this court and in the Supreme Court of the United States the case has been treated as a Sec. 1983 Civil Rights action, as to which jurisdiction attaches under Title 28, U.S.C. Sec. 1343.

3. The class described comprised "a substantial number of prisoners in the Texas Department of Corrections who either are ad-

herents of the Buddhist faith or who wish to explore the gospel of Buddhism."

4. "July 12, 1972: Petitioner's Motion to Alter or Amend Judgment, etc., filed July 5, 1972, is denied. In the event the petition filed pro se by plaintiff (on toilet tissue) purports to constitute a class action, I am of the view that the class which he purports to represent (Buddhists, confined by the Texas Department of Corrections) is not so numerous that joinder of all members would be impracticable. I likewise am of the view that petitioner would not fairly and adequately protect the interest of the class acting pro se and without benefit of counsel, as he is.

  Insofar as he seeks actual damages, I would consider the claim frivolous."

5. Before the case reached an oral argument calendar, one panel of this court denied the appellee's motion to dismiss the appeal, and a separate panel denied a motion by appellant for summary reversal.

pealed from and remand for a hearing below, for reasons briefly indicated.

Cruz's original petition was filed pro se, written on toilet paper. After the action was transferred to the Southern District of Texas, counsel[6] volunteered and were granted leave to represent him. The Amended Complaint filed by such counsel sought relief for plaintiff and the class he purported to represent (1) by declaratory judgment, declaring that the regulations and customs of the Texas Department of Corrections deprived plaintiff and his class of equal protection and due process Fourteenth Amendment rights (a) by preventing their engaging in the free exercise and full enjoyment of the Buddhism religion including the right to hold religious services in prison, and to attend such services with other prisoners of the same faith; (b) by preventing them from conducting legal research in the privacy of assigned quarters including the right to have their own legal books and records available for study and research in said quarters; and (c) by preventing their receiving newspapers, magazines and educational material, while in isolation as opposed to solitary confinement; and (2) for injunctive relief as authorized by Title 42, U.S.C. Sec. 1983 restraining discrimination against plaintiff and his class for violation of the constitutional rights covered by the declaratory judgment.

Additionally, the complaint sought money damages under Sec. 1983 for plaintiff's claimed injury resulting from the deprivation of such rights.[7]

The appellees assert that since no specific reference is made thereto by the Supreme Court's per curiam opinion, the question of money damages is no longer in the case, insisting that the remand was for consideration only of the claims for declaratory and injunctive relief. Much the same significance is attached to the Supreme Court's failure to discuss the class action aspect of the amended complaint. It follows then, we are told, that nothing remained to be litigated when Cruz was released from confinement before the Court's mandate reached the district court.

In an effort to bring as much light as possible to bear on this claim, we requested from counsel and were furnished copies of the petition for certiorari addressed to the Supreme Court in October 1971 by volunteer counsel from the Mexican-American Legal Defense and Educational Fund, Inc.

The result of this examination is somewhat less than conclusive. The petition did not address itself in terms to the claim for pecuniary damages. On the other hand it did discuss the rights assertedly denied in terms of their being withheld from more than the single petitioner: the denial of privileges extended to inmates of other faiths; the imposition of punishment on religious grounds and for exercising religious practices; the denial of access to legal materials, and the right of access to news of the world.

We hold that the Supreme Court did not, *sub silentio* or otherwise, eliminate the claim of Cruz for money damages and further that it did not reject the class action aspect of the complaint. Nor are we persuaded that elimination of either claim occurred by rea-

---

6. Mexican American Legal Defense and Educational Fund.

7. The named defendants in the amended complaint were Dr. Beto, the Director of the Department of Corrections and Z. E. Harrison, Warden of the Eastham Unit of the Department of Corrections. At some point and for some undisclosed (and unimportant) reason, Mr. Harrison's name no longer appears in the caption, and the single name, Dr. Beto, is used by both parties on their motion papers and briefs. We are aware also that Dr. Beto is no longer Director of the Texas Department of Corrections, having been succeeded by Mr. W. J. Estelle. The appropriate substitution of names in the caption can be accomplished below upon remand.

son of the indefinite terms in which the petition for certiorari was framed. The petition for certiorari and the per curiam reversal as well dealt primarily with getting the case back into court for adjudication. Precise delineation of the scope of the relief sought or available was not in either instance of particular concern.

■■ The claim for money damages for violation of appellant's civil rights was not rendered moot by Cruz's release from confinement. Simmons v. Wainwright, 5 Cir. 1972, 462 F.2d 1340, footnote 1; United States ex rel. Jones v. Rundle, 5 Cir. 1971, 453 F.2d 147; cf. Tolbert v. Bragan, 5 Cir. 1971, 451 F.2d 1020. Nor was the district court justified in rejecting this claim as he did, without a hearing, as "frivolous". See note 4, supra.

■ Further, determination as to whether the suit should be maintained as a class action under Rule 23, F.R. Civ.P., and Cruz's right to act for the class as fairly representative of the members thereof and able adequately to protect their interests should not have been undertaken without a hearing. See Huff v. N. D. Cass Co., 5 Cir. en banc 1973, 485 F.2d 710, where he examined the applicable standards, and held that such determination usually should be predicated on more information than the complaint itself affords. This case presents a clear example of circumstances where a preliminary evidentiary hearing should be held. Whether or not present counsel will continue to represent the class should be considered, whether or not funds are needed, and if so are available to provide individual notice to identifiable class members,[8] and like matters need resolution by findings entered after a hearing, and, if discovery is found to be necessary or helpful, after discovery as well. If the lack of counsel is the sole impediment to Cruz being permitted to represent the class, consideration should be given to the appointment of counsel.

The orders appealed from, entered June 22, 1972 and July 12, 1972 are reversed and this cause is remanded for further proceedings in the district court not inconsistent herewith.[9]

Reversed and remanded.

8. See Eisen v. Carlisle and Jacquelin et al., 1974, —— U.S. ——, 94 S.Ct. 2140, 40 L.Ed. 2d 732.

9. The original pro se complaint, handwritten on toilet paper, does not suggest the convening of a three-judge court and does not, at least in recognizable terms, indicate that any decree is sought restraining the enforcement, operation or execution of a state statute, the complaint being addressed rather to prison customs and usages, and discriminatory treatment of Cruz and his class by prison officials. The first amended complaint, the dismissal of which led to the reversal and remand by the Supreme Court of the United States, Cruz v. Beto, 1972, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263, while asserting that the customs and regulations of the Texas Department of Corrections which discriminate against the plaintiff and his class were promulgated pursuant to Vernon's Annotated Civil Statutes, Art. 6166j as amended, sought neither declaratory nor injunctive relief against the statute. It does not appear therefore that the relief sought under the present pleading is such as to require the convening of a three-judge district court. Title 28, U.S.C., § 2281. See Sands v. Wainwright, 5 Cir. en banc 1973, 491 F.2d 417. After remand, should the issues be expanded so as to require that the action be presented to and decided by a statutory three-judge court under the teachings of *Sands*, supra, the district judge should take the necessary steps to have such a court convened.