Ralph Edward McKINNON, individually and on behalf of all others similarly situated, Plaintiff-Appellant,

v.

TALLADEGA COUNTY, ALABAMA; Jerry Studdard, individually and as Sheriff of Talladega County, Alabama; Mack Cole, Olan Sims, Lowell Fannin, Jim Gallops and W. Forest Killough, individually and as members of the Talladega County Commission, et al., Defendants-Appellees.

No. 83–7572.

United States Court of Appeals, Eleventh Circuit.

Nov. 5, 1984.

Robert L. Wiggins, Michael L. Quinn, Birmingham, Ala., for plaintiff-appellant.

Ralph D. Gaines, Jr., Charles P. Gaines, Talladega, Ala., for defendants-appellees.

Barry E. Teague, Montgomery, Ala., for Governor and State.

Before HILL and HENDERSON, Circuit Judges, and WISDOM *, Senior Circuit Judge.

WISDOM, Circuit Judge:

Appellant Ralph Edward McKinnon, formerly an inmate at Talladega County Jail, brought a class action against officials of Talladega County and, later, the State of Alabama for declaratory and injunctive relief and for damages. Before the suit was certified under Fed.R.Civ.P. 23, the state moved McKinnon from Talladega County Jail. On defendants' motion for summary judgment, the district court held that the prisoner's transfer mooted his claims for individual relief. Moreover, because it found that McKinnon's claim became moot before the class was certified, the district court dismissed the purported class action. The court then denied McKinnon's motion for a new trial. This appeal followed. We hold that although McKinnon's transfer mooted his claim for declaratory and injunctive relief, it did not moot the claim for monetary damages. We therefore reverse the order dismissing appellant's claim for damages and remand the case for further

* Honorable John Minor Wisdom, U.S. Circuit Judge for the Fifth Circuit, sitting by designa-

tion.

proceedings relating to the status of the class action.

## I.

Plaintiff-appellant Ralph Edward McKinnon first filed a complaint against authorities at Talladega County on November 19, 1980, alleging that conditions at the Talladega County Jail violated the Eighth Amendment. McKinnon alleged overcrowding, inadequate internal security, poor lighting and ventilation, inadequate plumbing, unacceptable food, and unsanitary conditions throughout the facility. He sought declaratory and injunctive relief for himself and for the class of all inmates at the jail. The class was never certified.[1] On November 16, 1981, McKinnon was transferred to a state prison facility. He later amended his complaint against Talladega County Jail to add a claim for monetary damages for himself and for other inmates at that facility. He sought one dollar in nominal damages and $2,500 in compensatory damages. The parties performed discovery (apparently assuming this was still a class action), and the court granted preliminary relief by removing sixty-seven inmates from the jail.

Finally, on July 22, 1983, the County defendants moved for summary judgment on the ground that the case was moot because McKinnon was no longer in the Talladega County facility. The district court, hearing for the first time that McKinnon was no longer in Talladega County Jail, dismissed the action without prejudice. The court reasoned that the case was moot as to McKinnon, and that dismissal as to all other plaintiffs was proper because the class had not yet been certified. The memorandum opinion made no mention of McKinnon's earlier claim for monetary damages. McKinnon himself also failed to mention the claim for monetary damages in a subsequent motion for a new trial. The district court denied that

motion. McKinnon appeals this denial, alleging that his claims for damages and for injunctive relief were not moot and that there was insufficient evidence of "delay or contumacious conduct" to justify dismissal for "lack of aggressive prosecution".

## II.

 The district court should not have dismissed petitioner's claim for money damages simply because he was transferred from the Talladega County facility. Transfer of a prisoner does not moot a claim for money damages. *Cruz v. Estelle*, 5 Cir. 1974, 497 F.2d 496, 499. A claim for damages does not expire upon the termination of the wrongful conduct. *Johnson v. American Credit Co.*, 5 Cir.1978, 581 F.2d 526, 530. Unlike declaratory and injunctive relief, which are prospective remedies, awards for monetary damages compensate the claimant for alleged past wrongs. McKinnon's transfer from the Talladega County Jail simply signalled the end of the alleged deprivation of his constitutional rights. It did not destroy his cause of action for the time he was in the jail.

 The defendants have argued on appeal that the district court dismissed the damages claim because it was "frivolous". We, however, find nothing in the district court's opinion that indicates such a finding. In fact, the memorandum opinion shows that the district court dismissed McKinnon's suit without prejudice only for mootness. It is true that McKinnon added the damages claim after his original filing (and after his transfer from Talladega County Jail), but this later filing does not make the damage claim facially frivolous. The petitioner could sue for damages at any time before the statute of limitations ran. The district court approved the amendment to the complaint that added the claim for damages. Defendants never moved for dismissal of a "frivolous or malicious" action. We are reluctant to con-

---

1. Neither party questioned McKinnon's representation of the class until the July 1983 motion for summary judgment, and the court never explicitly ruled on certification on its own. See

Fed.R.Civ.P. 23(c)(1) (district court has "independent obligation" to decide if class action is proper even if neither side moves for a ruling).

struct and then grant such a motion on appeal when there is no indication in the record that prior to summary judgment the court or the opposing party believed that the damages claim was frivolous.

Nor does our own examination of the record reveal that the claim for damages is frivolous. McKinnon has alleged conditions that, if true, would entitle him to damages. Moreover, the defendants have admitted the truth of some of the plaintiff's allegations. We cannot, therefore, hold on the record before us that plaintiff's claim for damages is frivolous.

### III.

■ McKinnon has also argued that his claim for declaratory and injunctive relief was improperly dismissed as moot. The general rule is that a prisoner's transfer or release from a jail moots his individual claim for declaratory and injunctive relief. *Holland v. Purdy*, 5 Cir.1972, 457 F.2d 802. If the class has not yet been certified, it also justifies dismissal of the entire action. *Board of School Commissioners v. Jacobs*, 1975, 420 U.S. 128, 95 S.Ct. 848, 43 L.Ed.2d 74; *Dudley v. Stewart*, 11 Cir.1984, 724 F.2d 1493, 1494. The plaintiff argues that despite this general rule, his claim is not moot because there is no assurance that he will not be returned to the jail or that the conditions of which he complains will be ameliorated. This court, however, has held in a similar situation that a prisoner's transfer to a state penitentiary mooted a claim against county jailers:

> "Since Dudley is no longer in the custody of county jail officials, the most that can be said for his standing is that *if* he is released from prison, is convicted of another crime and is incarcerated in the Daugherty County Jail, he might again be subject to [constitutional deprivations]."

*Dudley*, 724 F.2d at 1494 (emphasis in original).

McKinnon argues that the defendants should not be permitted unilateral determination over the mootness of his case: Because he had no control over his transfer,

he should not be penalized with dismissal. The cases to which the plaintiff refers concern the *voluntary* cessation of illegal conduct rather than the removal of the plaintiff from the power of defendants. *E.g.*, *United States v. W.T. Grant Co.*, 1953, 345 U.S. 629, 632, 73 S.Ct. 894, 897, 97 L.Ed. 1303, 1309; *Meltzer v. Board of Public Instruction*, 5 Cir.1977, 548 F.2d 559. And while this court might entertain jurisdiction over McKinnon's claim if there were evidence of efforts on the part of the defendants to evade the jurisdiction of the court, *Meltzer*, 548 F.2d at 567 n. 13, the defendants have shown that there was no such subterfuge here.

The plaintiff's reliance on *Hardwick v. Brinson*, 5 Cir.1975, 523 F.2d 798, is misplaced. In *Hardwick*, the plaintiff had brought separate actions in Georgia's three federal districts, all relating to improper censorship of mail throughout the state's prison system. The *Hardwick* court held that the plaintiff was entitled to have his claim considered on the merits, but only in the district in which he was then incarcerated. In the instant case, by contrast, there is only one filing that alleges unconstitutional conditions in a single jail where McKinnon is no longer incarcerated. Our holding is governed instead by *Dudley* and *Holland*, which are more apposite to the facts at hand.

### IV.

■ McKinnon has argued that the district court erred in dismissing his suit for a lack of "vigorous prosecution". In its memorandum opinion, the district court said: "In deciding to grant the motion [for summary judgment], the court is also considering the lack of aggressive prosecution by the named plaintiff and his selected counsel as reflected below." The court then mentioned the plaintiff's year-long delay in serving the state defendants; the plaintiff's failure to substitute for defendant Gallops after he left the Talladega County Commission and for defendant James after his term as governor; the plaintiff's failure to substitute a specific

person of the putative class as representative or to quell the mootness claim after the motion for summary judgment; and the failure either to know of McKinnon's transfer from the jail for nearly two years or to advise the court of the transfer. The defendants counter that the district court's discussion of unaggressive prosecution was not an alternative ground for dismissal but simply an explanation of the court's unwillingness to grant the plaintiff's attorney additional time to certify the class or to substitute another plaintiff. We agree with the defendants' reading, and hold that the district court here committed no error.

## V.

Finally, defendants have argued that even if conditions are as plaintiff has alleged, it would be inappropriate for us to remand solely for the claimed damages. Counsel has referred us to two Second Circuit cases holding that when claims for injunctive and declaratory relief are moot, a claim for "nominal" damages will not preserve such a lawsuit. *Hernandez v. European Auto Collision, Inc.*, 2 Cir.1973, 487 F.2d 378; *Kerrigan v. Boucher*, 2 Cir. 1971, 450 F.2d 487.

Those cases are distinguishable from the controversy at hand. *Kerrigan* involved a concededly nominal claim for damages for a landlord's seizure of a delinquent tenant's personal effects. In seeking the return of his dentures, eyeglasses, and other possessions, Kerrigan alleged that the statute allowing this seizure was unconstitutional. He also sought damages. After being served with process, the defendants returned all of Kerrigan's possessions. The circuit court held that the case lacked the requisite controversy:

> "Not having found a justiciable controversy permitting a declaration [for injunctive relief], the claim for nominal damages, which is clearly incidental to the relief sought, cannot be the basis upon which a court should find a case or controversy where none in fact exists."

*Kerrigan*, 450 F.2d at 489–90.

In *Hernandez*, the plaintiffs' claims for injunctive relief against the New York Lien Law became moot. The court found that the plaintiff's claims for damages for detention of his automobile under a repairman's lien were so small as to be "nominal" and incidental to the litigation. The court therefore refused to allow further adjudication on the challenge to the detention provisions of the New York Lien Law.

McKinnon, however, has alleged not only nominal damages of one dollar but also compensatory damages of $2500. He also seeks damages for all other inmates at Talladega County Jail. A colorable claim to substantial damages presents a sufficient case-or-controversy. McKinnon's claims are qualitatively and quantitatively different from those of the plaintiffs in *Hernandez* and *Kerrigan*. The record before us fails to show that the claims for damages are frivolous or that they are only "incidental" to McKinnon's suit. Moreover, the requested damages here for the class could run into hundreds of thousands of dollars. We therefore hold that McKinnon's claim for damages continues to present a justiciable case or controversy. *See Cruz v. Estelle*, 5 Cir.1974, 497 F.2d 496, 499.

## VI.

Because one part of the plaintiff's suit—his claim for damages—is still a live issue, the requisite case-or-controversy exists with respect to the entire action. *Memphis Light, Gas & Water v. Craft*, 1978, 436 U.S. 1, 7–9, 98 S.Ct. 1554, 1559–1560, 56 L.Ed.2d 30. There is, therefore, potentially the requisite adverseness for McKinnon to represent the class for damages and equitable relief. The mootness of McKinnon's prayer for equitable relief does not automatically bar the plaintiff from being the representative in a class action. *See Sosna v. Iowa*, 1975, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (litigation allowed to proceed—with named plaintiff as class representative—after mooting of the plaintiff's own attack on the state's durational residency requirement). The district court must therefore also decide whether McKin-

non is an adequate representative of the class.

The district court has latitude in deciding whether McKinnon or a substitute representative would best serve the interests of the class, or whether the class should be certified. The determination of the adequacy of the class representative is properly governed by the sound discretion of the trial court and by the factors in Fed.R.Civ.P. 23. We mention in passing that the plaintiff's failure to request certification does not automatically make him an inadequate representative of the class, although it is one factor to consider. *East Texas Motor Freight System, Inc. v. Rodriguez*, 1977, 431 U.S. 395, 404–05, 97 S.Ct. 1891, 1897, 52 L.Ed.2d 453, 463. It is of course also true that actions for monetary damages are distinguishable from actions for injunctive relief. A plaintiff seeking monetary damages must prove only specific acts of allegedly unconstitutional conduct. In an action for injunctive relief, by contrast, a court is concerned with the constitutionality of practices and procedures. An injunction protects inmates from future unconstitutional practices or conditions without exposing prison personnel to personal liability under section 1983.

We therefore REVERSE the trial court's dismissal of McKinnon's claims for individual damages and REMAND for further proceedings to determine if he is an adequate representative for the putative class's claims for damages or for injunctive relief, or whether the class should be certified.