946 F.2d 894
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thedous CANNON, Plaintiff-Appellant,
v.
Bill NORMAN, et al., Defendants-Appellees.
 No. 90-5315.
 United States Court of Appeals, Sixth Circuit.
 Oct. 23, 1991.
As Amended on Denial of Rehearing Dec. 20, 1991.
 
 Before BOYCE F. MARTIN, Jr. and NATHANIEL R. JONES, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Thedous Cannon appeals from a district court decision dismissing his civil rights action brought under 42 U.S.C. § 1983 (1991). For the following reasons, we affirm in part and reverse in part.
 
 
 2
 On December 2, 1988, Cannon, a paraplegic confined to a wheelchair, filed an in forma pauperis complaint alleging that the defendants, the Sheriff of Robertson County, tennessee, and his assistants, had subjected Cannon to conditions that constituted cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution. Specifically, Cannon alleged that while incarcerated in the Robertson County jail from January 19, 1988, until February 22, 1988, (1) the defendants knowingly placed him in a cell with an inmate infected with tuberculosis; (2) the defendants failed to provide him with proper medical care; (3) the jail lacked adequate heat and ventilation; (4) the jail lacked adequate facilities for paraplegics; (5) the defendants did not give him a sufficient opportunity to exercise; (6) the defendants failed to provide him with an adequate opportunity to take a shower or a bath; and (7) the defendants did not provide him with a change of clothing. Cannon requested declaratory and injunctive relief, and $300,000 in compensatory and punitive damages.
 
 
 3
 The district court, pursuant to the Federal Magistrate's Act, 28 U.S.C. §§ 631 et seq., referred Cannon's complaint to a magistrate. After an evidentiary hearing, the magistrate recommended that the district court dismiss as frivolous Cannon's claim regarding his confinement with a tuberculosis-infected inmate and his claim regarding inadequate medical care. The magistrate also recommended that the court not dismiss Cannon's claims regarding the defendants' failure to provide him with a change of clothing and a sufficient opportunity to exercise. Finally, the magistrate recommended that the court consolidate Cannon's remaining claims, which concerned the adequacy of the jail's physical plant, with a pending class action, Douglas v. Emery, No. 81-3826 (M.D.Tenn).
 
 
 4
 The district court adopted the magistrate's report and recommendations in part. The court agreed that Cannon's claim concerning his confinement with a tuberculosis-infected inmate and his claim regarding inadequate medical care were frivolous. The court dismissed these claims under 28 U.S.C. § 1915(d). The district court also dismissed Cannon's claims concerning the adequacy of the jail's physical plant agreeing with the magistrate that the claims were already covered by the Douglas class action. Finally, the court, disagreing with the magistrate, concluded that Cannon's claims concerning the defendants' failure to provide him with a change of clothing and an opportunity to exercise should be consolidated with the Douglas class action. Cannon appeals the district court's decision.
 
 
 5
 A threshold issue is whether Cannon waived his right to appeal the portions of the district court order adopting the magistrate's report and recommendations. The magistrate advised Cannon that failure to file objections to the report and recommendations within ten days waives the right to appeal the district court order. In United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981), we held that the government's failure to object to a magistrate's report prior to the district court's adoption of the report constituted a waiver of the right to appeal the court's order. We stated: "[T]he fundamental congressional policy underlying the Magistrate's Act--to improve access to the federal courts and aid the efficient administration of justice--is best served by our holding that a party shall file objections with the district court or else waive right to appeal." Id. The Supreme Court approved the Walters rule in Thomas v. Arn, 474 U.S. 140 (1985).
 
 
 6
 The Walters rule is a procedural rule made pursuant to our supervisory powers. Kent v. Johnson, 821 F.2d 1220, 1222 (6th Cir.1987). We retain subject matter jurisdiction over an appeal regardless of a party's failure to file objections in the allotted time. If required in the interests of justice, this court will excuse a party's failure to comply with the Walters rule and entertain the appeal. Id. The present case presents a unique situation. At the district court level, Cannon was an incarcerated litigant proceeding in forma pauperis without the assistance of counsel. In addition, the district court examined all of the issues in this case, including those not objected to by Cannon.[1] These factors make us believe that the interests of justice will be best served by entertaining Cannon's appeal despite his failure to file objections.
 
 
 7
 We next turn to the district court's dismissal of two of Cannon's claims as frivolous. For proceedings in forma pauperis, 28 U.S.C. § 1915(d) provides that the district court may dismiss an action that is frivolous or malicious. The fact, however, that an in forma pauperis complaint fails to state a claim under Fed.R.Civ.P. 12(b)(6) does not necessarily mean that it is subject to dismissal under section 1915(d). Neitzke v. Williams, 490 U.S. 319, 331 (1989). The court may only dismiss an action under section 1915(d) when the plaintiff's claim is factually or legally baseless. Id. at 327.
 
 
 8
 The district court did not err in dismissing Cannon's claim that the defendants deliberately placed him in a cell with an inmate who suffered from tuberculosis. In October 1987, John Addison, the inmate in question, suffered from coughing and respiratory problems. Addison also reported that, for reasons he could not explain, part of one of his lungs had been removed. Addison's tuberculosis skin test proved positive. In November 1987, the Veterans Administration Hospital in Nashville, Tennessee, admitted Addison for testing. The hospital concluded that Addison did not suffer from tuberculosis; he suffered from a chronic, non-communicative form of pulmonary disease. No competent evidence suggests that Addison suffered from tuberculosis during the period of time he was incarcerated with Cannon. Thus, Cannon's claim is factually baseless.
 
 
 9
 The district court, however, erred in dismissing Cannon's claim that the defendants failed to provide him with proper medical care. For Cannon to state a cognizable medical claim under section 1983, he must "allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106(1976). Cannon, alleges that his medical problems were aggravated by the defendants' failure to provide him with appropriate facilities for personal hygiene. Sufficient evidence exists in the record to allow us to conclude that this medical claim is not frivolous.
 
 
 10
 Finally, we move to the claims the district court dismissed for consolidation with the Douglas class action. The district court did not err in dismissing Cannon's claims seeking declaratory and injunctive relief to correct inadequacies in the jail's physical plant. The court dismissed the claims reasoning that they were already the subject of the Douglas class action and that Cannon was a member of the class. However, we affirm the district court's decision for a reason not considered by the court: these claims are moot. See Russ' Kwik Car Wash v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985) (this court must affirm a district court's decision if the decision is correct for any reason, including a reason not considered by the district court) (citing J.E. Riley Investment Co. v. Commissioner, 311 U.S. 55, 59 (1940)). Generally, a prisoner's transfer or release from a jail moots his individual claim for declaratory and injunctive relief with respect to the jail. McKinnon v. Talladega County, 745 F.2d 1360, 1363 (11th Cir.1984); See MaGee v. Waters, 810 F.2d 451, 452 (4th Cir.1987) (holding that a prisoner's request for injunctive relief was moot because he had been transferred). Since Cannon is no longer incarcerated in the Robertson County jail, his claims for injunctive and declaratory relief with respect to the jail are moot.
 
 
 11
 The district court erred in dismissing Cannon's claims concerning his lack of clothing and exercise and then consolidating these claims with the Douglas class action. In recommending consolidation, the magistrate cited Groseclose v. Dutton, 829 F.2d 581 (6th Cir.1987). In Groseclose, we held that a case brought by an inmate who was already a member of a pending class action should not have gone forward as an independent case, but rather the court should have consolidated the individual action with the class action. Id. at 585. We stated: "To allow two or more district judges to issue directions to prison officials simultaneously would be to create what the Goff [v. Menke, 672 F.2d 702, 705 (8th Cir.1982) ] court aptly characterized as an 'inefficient' situation, fraught with potential for inconsistency, confusion, and unnecessary expense." Id. at 584; See Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir.1988) (en banc ) (to allow individual suits would interfere with the orderly administration of a pending class action and risk inconsistent adjudications); Goff, 672 F.2d at 703 (8th Cir.1982) (suit by class member for injunctive relief could not be maintained separately from a pending class action on the same issues).
 
 
 12
 The decisions in cases like Groseclose does not support dismissal and consolidation of Cannon's damages claims because Cannon should not be considered a member of the Douglas class with respect to his claims for monetary relief. Cannon seeks both injunctive and monetary relief. The Douglas class, however, seeks only injunctive relief. Since under these circumstances we do not believe the Douglas class can be expected to adequately represent Cannon in his claims for monetary relief, we will allow him to pursue his damages claims apart from the class action.
 
 
 13
 In summary, the damages claims that the district court should allow Cannon to pursue independently are that (1) the defendants failed to provide him with proper medical care; (2) the defendants did not give him a sufficient opportunity to exercise; (3) the defendants failed to provide him with an adequate opportunity to take a shower or a bath; and (4) the defendants did not provide him with a change of clothing. The district court properly dismissed Cannon's remaining claims.
 
 
 14
 For the foregoing reasons, the judgment of the district court is affirmed in part and reversed in part.
 
 
 
 [1]
 Our refusal to invoke the Walters rule is governed by the special circumstances presented in this case. The district court's examination of those issues not previously objected to by Cannon does not preclude us from invoking the Walters rule. See Thomas v. Arn, 728 F.2d 813, 814 (6th Cir.1984), aff'd, 474 U.S. 140 (1985)