# United States Court of Appeals
## for the Fifth Circuit

_____

No. 23-30026
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
July 7, 2023

Lyle W. Cayce
Clerk

Ashraf Khalil,

*Plaintiff—Appellant*,

*versus*

Department of Corrections; Dustin Bickham; Patricia Williams,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:21-CV-466

_____

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curiam:[*]

Ashraf Khalil, former Louisiana prisoner # 729221, appeals the district court's sua sponte dismissal of his 42 U.S.C. § 1983 civil rights complaint for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a). Khalil contends that the district court erred by sua sponte dismissing his complaint because it relied on information elicited by the form

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-30026

§ 1983 complaint in determining that he failed to exhaust his claims. He also argues that the district court erred by failing to consider his allegation that he could not exhaust administrative remedies regarding the instant claims due to the inadequacies in the prison administrative review process.

This court reviews a district court's dismissal for failure to exhaust administrative remedies de novo. *Coleman v. Sweetin*, 745 F.3d 756, 763 (5th Cir. 2014). Although it appears that Khalil is no longer in custody, his appeal is not moot to the extent his suit seeks monetary damages. *See Cruz v. Estelle*, 497 F.2d 496, 499 (5th Cir. 1974).

As the district court concluded, Khalil was required under § 1997e(a) of the Prison Litigation Reform Act (PLRA) to exhaust administrative remedies before filing suit. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007). However, in *Jones*, 549 U.S. at 216, the Supreme Court held that an inmate's failure to exhaust is an affirmative defense under the PLRA and that "inmates are not required to specially plead or demonstrate exhaustion in their complaints." Furthermore, "a district court cannot by local rule sidestep *Jones* by requiring prisoners to affirmatively plead exhaustion." *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007). We have interpreted *Jones* and *Carbe* to prohibit using form complaints to elicit exhaustion information from prisoners. *See Coleman*, 745 F.3d at 763 n.5 (citing cases); *see also Torns v. Miss. Dep't of Corrs.*, 301 F. App'x 386, 389 (5th Cir. 2008).

While the district court acknowledged the holding in *Jones,* the district court nonetheless relied upon Khalil's responses to the form complaint's questions to determine that his claims were unexhausted. The district court therefore erred by sua sponte dismissing Khalil's complaint for failure to exhaust.

No. 23-30026

We therefore VACATE the judgment of the district court and REMAND for further proceedings consistent with this opinion.