**James Lane HOOTEN,
Plaintiff-Appellant,**

v.

**Fearon H. JENNE, III, et al.,
Defendants-Appellees.**

**No. 85–4343
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

April 7, 1986.

James Lane Hooten, pro se.

William T. Reed, Louis Guirola, Jr., Pascagoula, Miss., for defendants-appellees.

Before GEE, REAVLEY and HILL, Circuit Judges.

PER CURIAM:

James Lane Hooten, proceeding *pro se*, filed this civil rights action alleging that, while an inmate at the Jackson County, Mississippi, jail, the county violated his constitutional rights by limiting his access to a law library, by providing an inadequate library, and by not providing access to writing materials. He was confined to the Jackson County jail pending disposition of his direct appeal from a state conviction.[1] He sought injunctive relief and punitive damages against Fearon H. Jenne, administrator of the jail, John Ledbetter, sheriff of Jackson County, and J.C. May, president of the Board of Supervisors of the county. The defendants urged the district court to dismiss the complaint for failure to state a claim.[2]

The magistrate to whom the district court referred the case recommended that the district court grant summary judgment for the defendants and dismiss the case. Although his reasoning is not entirely clear, the magistrate seemed to rely on two grounds. First, Hooten was a member of the plaintiff class in *Jones v. Diamond*, 636 F.2d 1364 (5th Cir.) (en banc), *cert. dismissed sub nom. Ledbetter v. Jones*, 453 U.S. 950, 102 S.Ct. 27, 69 L.Ed.2d 1033 (1981) (hereinafter *Jones (en banc)*).[3] Since, as the magistrate noted, the parties settled that case with a consent decree, Hooten's only action would be "within the context" of that class action. Second, the magistrate seemed to rely on the holding of the panel decision in *Jones v. Diamond*, 594 F.2d 997 (5th Cir.1979) (hereinafter *Jones (panel)*):

> Because the State itself is the responsible party, we should not order these local defendants to implement a system which would comply with *Bounds*. [*Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977)] Therefore we affirm the denial of relief but this action is taken without prejudice to the plaintiff's right to bring suit against the appropriate state officials to secure compliance with *Bounds*.

594 F.2d at 1024–25. Since Hooten sued local officials instead of state officials, the magistrate concluded that the district court should dismiss the claim against these defendants. Hooten filed written objections to the magistrate's report. The district judge thereafter adopted the magistrate's report and dismissed the case without prejudice. We reverse.

---

1. Hooten's confinement in the Jackson County jail following his conviction was the result of overcrowded conditions at the state penitentiary at Parchman. A federal court order limited the number of prisoners that could be confined at Parchman. *Gates v. Collier*, 349 F.Supp. 881 (N.D.Miss.1972), *aff'd*, 501 F.2d 1291 (5th Cir. 1974). As a result, state prisoners were confined at county jails where their sentences would be served.

2. The defendants raised this Fed.R.Civ.P. 12(b)(6) defense by collectively filing an answer in which they asserted as a first defense that plaintiff's complaint "fails to state a cause of action upon which relief may be sought." Additionally, and also pursuant to Rule 12(b)(6), the defendant Jenne filed a separate motion to the effect that Hooten's complaint failed to state a claim.

3. The court in *Jones (en banc)* described the class certified by the trial court as consisting of "all persons who were incarcerated at the time of the filing of the complaint, or are now, or in the future will be confined in the Jackson County jail, either to serve a sentence or awaiting sentence." 636 F.2d at 1369–70. In the panel opinion, *Jones v. Diamond*, 594 F.2d 997 (5th Cir.1979), the court also found that the trial court had certified the same plaintiff class, but it went on to note that the evidence offered dealt with "both pretrial detainees and convicts." Accordingly, the panel concluded that "[s]ince the parties and the trial court clearly regarded the class as including all jail inmates, we shall do likewise." 594 F.2d at 1004. The court in *Jones (en banc)* also disposed of the case on the basis that the class consisted of all inmates confined to the jail.

## I.

■ Hooten initially argues that since the defendants moved only for a Rule 12(b)(6) dismissal (i.e., failure to state a claim on which relief can be granted), the district court could not grant summary judgment. Rule 12(b) specifically states, however, that:

If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56....

Since the court considered the consent decree that resulted from the *Jones (en banc)* decision, the court properly considered the 12(b)(6) motion as a motion for summary judgment.

## II.

When considering a motion for summary judgment, "all reasonable factual inferences from the record ... [must be resolved] in favor of ... the nonmovant," *Galindo v. Precision American Corp.,* 754 F.2d 1212, 1216 (5th Cir.1985), and "[s]ummary judgment 'may be granted only if ... there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law.' " *Id.* (quoting *United States v. An Article of Drug,* 725 F.2d 976, 984 (5th Cir.1984)).

■ In applying these standards to this case, we must assume that Hooten's complaint about lack of access to a law library states a constitutional cause of action. *See Bounds v. Smith,* 430 U.S. 817, 817–18, 97 S.Ct. 1491, 1492–93, 52 L.Ed.2d 72 (1977) (Constitutional right to access to the courts for convicted prisoners includes a right to access to "law libraries or alternative sources of legal knowledge."). It is also beyond dispute that Hooten is a member of the class in the *Jones* consent decree. *See* note 3 *supra.* The consent decree covers

the three years from December 7, 1981, to December 7, 1984; Hooten filed suit on January 23, 1984. However, appellees and the district court erred in asserting that Hooten has "an open forum within which to assert a violation of the consent decree." The consent decree and the Joint Agreement and Request for Entry of Consent Decree reveals that it does not cover access to courts. Hooten cannot assert a violation of the consent decree because denying him access to legal materials and thus to the courts is not a violation of the agreement. Therefore, the district court erred in partially basing the summary judgment on the ground that Hooten could bring his complaint only within the context of the consent decree.

## III.

■ Having determined that in asserting a *Bounds* claim Hooten was not confined to remedies within the context of the consent decree, we next confront the appropriateness of the district court's conclusion that Hooten should have asserted his cause of action against state officials rather than against these local official defendants. The magistrate's recommendation to dismiss Hooten's claim against these local defendants, which the district court adopted, cites the decision in *Jones (en banc)* but relies on language from *Jones (panel)* to the effect that state, not local, officials are the proper class of defendants in a *Bounds* claim.[4] By operation of law, reconsideration en banc vacates the panel opinion. Fifth Cir.Loc.R. 41.3; *Longoria v. Wilson,* 730 F.2d 300, 304 (5th Cir.1984). In *Longoria,* the court held that when an en banc court never reaches an issue decided by the panel in the same case, the issue remains an open one. *Id.* at 304.

■ *Jones* was a class action by prisoners, both those awaiting trial and those already convicted, who contended that conditions at the Jackson County jail fell below

---

**4.** The defendants in their brief on appeal also cite to the en banc decision in *Jones* and quote

language from the panel decision.

constitutional standards. *Jones (en banc)*, 636 F.2d at 1368. The prisoners filed the suit against only local officials. *See Jones (panel)*, 594 F.2d at 1005 n. 3, 1025 ("these local defendants"). Here, Hooten, a prisoner convicted of a state offense but held at the Jackson County jail, asserted his *Bounds* claim against local defendants. In the *Jones (panel)* decision, the court held that, as far as concerns convicted prisoners at the jail, it was the responsibility of state, not local, officials to provide adequate access to a law library since "the state ... is responsible for the backlog of convicted criminals in the county jails." *Jones (panel)*, 594 F.2d at 1024–25. Although the panel resolved the issue of whether a prisoner could assert a *Bounds* claim against local officials, the en banc court never reached the issue. Thus, whether Hooten may appropriately sue these local defendants has not been judicially determined.

Ordinarily we would remand this case to the district court for a determination of whether Hooten properly brought suit against these local defendants. However, under the circumstances, we have determined that it would be more appropriate that we make the determination since it does not involve the resolution of any disputed fact issues and is essentially a question of law.

### IV.

In *Cruz v. Hauck*, 515 F.2d 322 (5th Cir.1975), we addressed the responsibility of local officials in charge of a county jail to afford inmates in the jail access to the courts through adequate access to legal materials. In *Cruz* the district court determined that, since all indigent inmates of the jail were afforded court-appointed counsel, the constitutional requirements for access by inmates to the courts as enunciated in *Gilmore v. Lynch*, 319 F.Supp. 105 (N.D. Cal.1970), *aff'd sub. nom. Younger v. Gil-*

*more*, 404 U.S. 15, 92 S.Ct. 250, 30 L.Ed.2d 142 (1971), had been met. In *Gilmore* a three-judge court had found that limiting the type of legal materials available to prisoners violated their access to the courts in the absence of proof that they had access to the courts through other means. On appeal, we held in *Cruz* that, "[w]hile the [district court's] conclusions of law adequately comply with the teachings of *Gilmore*," the class of inmates which the district court deemed constitutionally entitled to access to the courts was described too narrowly. We noted that the district court had made findings of fact which further limited the class of indigent inmates entitled to *Gilmore* protection to those charged with a state offense. We observed that there were many other inmates in the jail for a variety of other reasons. Among them were federal prisoners, inmates seeking post conviction relief, and persons held as witnesses and for investigation who were not assured of having legal counsel. Also, inmates who might wish to seek habeas corpus relief or institute a civil rights action dealing with the conditions of their incarceration were not shown to have access to counsel.

We concluded in *Cruz* that it was necessary to remand the case to the district court "to determine whether *all* inmates of the jail have adequate access to the courts through means other than by access to legal materials." 515 F.2d at 332 (emphasis added). As a guide to the district court in making this determination, we added:

> If all inmates do have such access the rules approved by the district court are constitutionally adequate, subject to the modification below.[5] If all inmates do not have such access, the court should devise a plan ensuring adequate entry to the courts, either by reasonable access to attorneys, or by reasonable access to legal materials, or by any other reasonable means the district court may devise.

5. The court stated that determining whether inmates in county jails were entitled to access to legal materials should take into account the length of time an inmate might be in jail and the role that county jails serve in a state penal system. In many instances an inmate might be in jail only a very short period of time or be in jail for only a few days before being transferred to a state prison. The court concluded that those inmates in jail for only a temporary period could be excluded from consideration since the "brevity of confinement does not permit sufficient time ... to petition the courts." 515 F.2d at 333.

*Id.* (footnote omitted and footnote added). *Cruz* thus unhesitantly calls for all prisoners in a jail, regardless of the reasons for their incarceration, to be afforded access to the courts, through either available counsel, reasonable access to a legal library, or other reasonable means.

■ In a more recent case we again had occasion to rule on the rights of inmates in a county jail to have access to legal materials. In *Morrow v. Harwell,* 768 F.2d 619 (5th Cir.1985), the court held that under *Bounds* jail inmates are entitled to access to the courts. The court stated that "the right of access is of an individual rather than a group nature." 768 F.2d at 624. Accordingly, in determining *Bounds* access rights of jail prisoners the *Morrow* court made no distinction among inmates as to why they were in jail, i.e., whether a state prisoner or not. The only distinction considered in determining an inmate's rights under *Bounds* was the length of time an inmate might be incarcerated as was done in *Cruz.* Thus, if because of the shortness of incarceration the courts would not reasonably expect an inmate to have sufficient time to petition the courts, then the courts may not require the jail authorities to furnish *Bounds* access; otherwise, the local officials having custody of the inmate must furnish the required access.

Finally, the *Jones (en banc)* decision further buttresses our conclusion. The *Jones (en banc)* holding is logically inconsistent with the *Jones (panel)* decision holding local defendants not responsible for a *Bounds* violation. After the *Jones (en banc)* court found numerous constitutional violations, 636 F.2d at 1373–75, it then held that an injunction should issue. *Id.* The court impliedly found the local defendants responsible for the constitutional violations, including those involving prisoners already convicted. *Id.* at 1374 ("[C]onfinement in the Jackson County jail of any prisoner [is]

cruel and unusual punishment and the confinement of pretrial detainees [is] punishment per se.") The decision in *Jones (en banc)* seems to make local officials responsible for any constitutional violation, thus contradicting the panel's holding with regard to any *Bounds* violations.

■ Furthermore, *Jones (en banc)* found that the jail officials violated all the prisoner's first amendment rights to mail. *Id.* at 1374–75. The right of access to the courts also springs from the first amendment. *See, e.g., Ryland v. Shapiro,* 708 F.2d 967, 971–72 (5th Cir.1983). It would be inconsistent to hold the local defendants responsible for certain first amendment rights and not others.

■ For the above reasons, we hold that these local defendants owed a duty to Hooten to see that he had access to the courts, a violation of which gives Hooten the right to pursue this action.[6]

We REVERSE the summary judgment granted in favor of the defendants and REMAND for further proceedings.

---

6. We note that Hooten's brief bears an address indicating that he is now an inmate at the state penitentiary at Parchman. Should the district court determine that this be the case, then his claim for injunctive relief would be moot and it would be proper to dismiss this claim on that ground. *Holland v. Purdy,* 457 F.2d 802 (5th Cir.1972) (plaintiff's claim against sheriff for injunctive relief because of refusal to permit him to see a notary public and send out legal documents became moot when plaintiff sent to another institution); *McKinnon v. Talladega County, Alabama,* 745 F.2d 1360, 1363 (11th Cir.1984).