**Thomas Terrill EVANS, Sr., et al., Plaintiffs,**

v.

**Fearon H. JENNE, III, Defendant.**

Civ. A. No. S84–0614(N).

United States District Court, S.D. Mississippi, S.D.

April 22, 1986.

Thomas Terrill Evans, pro se.

William T. Reed, Pascagoula, Miss., for defendant.

### MEMORANDUM OPINION AND ORDER

GEX, District Judge.

This cause is before the Court upon the Motion of the Defendant to dismiss this action for failure to state a claim upon which relief can be granted pursuant to

Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Plaintiffs filed this action in June of 1984 under 42 U.S.C. Section 1983 against the warden of the Jackson County Adult Detention Center in Jackson County, Mississippi, while incarcerated at that facility. Plaintiffs complain of (1) censorship of incoming and outgoing mail and (2) alleged violation of their visitation rights and privileges. Plaintiffs seek mental distress damages in the amount of $75,000.00 and, in essence, a declaratory judgment adjudicating their rights with respect to their aforementioned two claims for relief.

"Prison administrators ... should be accorded wide ranging deference in the adoption and execution of policies and practices that, in their judgment, are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish,* 441 U.S. 520, 547, 99 S.Ct. 1861, 1878, 60 L.Ed.2d 447 (1979). "... [W]hile persons imprisoned for crime enjoy many protections of the Constitution, it is also clear that imprisonment carries with it the circumscription or loss of many significant rights." *Hudson v. Palmer,* 468 U.S. 517, 104 S.Ct. 3194, 3199, 82 L.Ed.2d 393 (1984). "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Price v. Johnston,* 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356 (1948). "The curtailment of certain rights is necessary, as a practical matter, to accommodate a myriad of 'institutional needs and objectives' of prison facilities, (citation omitted), chief among which is internal security." *Hudson v. Palmer, supra* 106 S.Ct. at 3199.

■ Plaintiffs' allegation concerning the violation of their visitation rights and privileges may be dismissed as moot since none of the three Plaintiffs is presently incarcerated at the Center. *Hooten v. Jenne, Et Al.,* 786 F.2d 692 n. 6 (1986). Moreover, Plaintiffs are members of the class covered by the consent decree entered pursuant to the Court's decision in *Jones v. Diamond,* 636 F.2d 1364 (5th Cir.1981). A compre-

hensive policy statement as well as a detailed listing of regulations as contained in the Center's standard operating policies and procedures manual were promulgated under the consent decree signed December 7, 1981. Both documents are available to inmates housed at the Center and specifically address their visitation privileges and the receipt and delivery of correspondence.

The Court recognizes that prisoners enjoy the protection of due process and the retention of those First Amendment rights of speech "not inconsistent with their status as prisoners or with the legitimate penalogical objectives of the corrections system." *Pell v. Procunier,* 417 U.S. 817, 822, 94 S.Ct. 2800, 2804, 41 L.Ed.2d 495 (1974); *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).

■ Plaintiffs' allegation that their personal mail was opened in violation of their constitutional rights does not state a cause of action upon which relief can be granted in view of the United States Supreme Court's ruling in *Procunier v. Martinez,* 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974). There the Supreme Court held that censorship of prison mail was justified if the regulation or practice in question furthered an important or substantial government interest unrelated to the suppression of expression. Prison officials were required to show that a regulation authorizing mail censorship furthers one or more substantial governmental interests in security, order and rehabilitation and that the limitation of First Amendment freedoms was no greater than essential to the protection of the particular government interest involved. 416 U.S. at 412–14, 94 S.Ct. at 1811. Here, the Center's express regulations provide in pertinent part:

Inspection of Mail-All outgoing mail from inmates, except for privileged correspondence, will be inspected for contraband.

Outgoing mail will be read if there is reasonable cause to believe that the mail contains escape plans, other plans to commit a crime or to violate institutional rules or regulations, or constitutes a crime in and of itself.

Rejection of Letters-All inmates will be held responsible for the contents of their outgoing letters, and deliberate violations may result in a misconduct report. Violations of postal laws may result in referral for prosecution to federal authorities.

\* \* \* \* \* \*

Outgoing mail will be rejected when the mail contains contraband, escape plans, other plans to commit a crime, or to violate institutional rules and regulations or would constitute a crime in and of itself.

Incoming mail will be rejected for the following reasons:

a. There is a clear and present danger that the mail will endanger the internal security of the institution, contains escape plans or other plans involving the prisoner in the commission of a crime, or the violation of institutional rules and regulations, or would constitute a crime in and of itself.

b. The mail contains codes or other attempts to circumvent correspondence regulations.

c. The material is obscene in that it appeals primarily to the prurient interest or is patently offensive. A three member publication review panel will be established by the Chief of Operations with the authority to approve or reject materials that are alleged to be obscene....

d. Junk mail, pamphlets, leaflets, brochures, etc., will be judged by the same standards as other correspondence....

The Court is satisfied the above-quoted regulations, from which Plaintiffs allege no deviation, satisfy the criteria necessary both to assure Plaintiffs of the protection of their constitutional rights and to safeguard the security of the Center. In other words, it is the Court's determination that the Center's limitation on Plaintiffs' First Amendment freedoms are no greater or broader than is essential to the protection and maintenance of the Center's security. *Also see, Guajardo v. Estelle*, 580 F.2d 748 (5th Cir.1978).

The Court next addresses Plaintiff Evans' claim that his "legal mail ... was opened by Officer V. Simmons, in the presents [sic] of Officer Cazzell [sic], and inmate H. Keith Williams; said mail was from the MS. Dept. Corrections pertaining to the probation of Thomas T. Evans, Sr., which was violated". Defendant's affidavit submitted in support of the instant Motion states that pieces of mail from the Mississippi Department of Corrections were opened by a prison official (Simmons) in the presence of another official (Cazzel) and Plaintiff Evans pursuant to the express policy of the Center. Defendant justifies this action due to several cases of inmates working in the records office at the penitentiary using Department of Corrections stationery to communicate with inmates at the Adult Detention Center.

The Center's regulations properly make a distinction in the procedures to be employed for the handling of correspondence from official or legal sources (i.e., attorneys, agencies, etc.), as opposed to inmates' personal contacts. The pertinent regulation states:

Privileged Correspondence-Outgoing letters to attorneys, the courts, elected governmental officials, the news media, grand juries, law enforcement agents or agencies, the Department of Corrections, and the Parole Board are considered privileged correspondence and will not be opened for inspection.

Incoming letters from privileged communicants will not be opened unless the Chief of Operations or his designee determines that there is a reasonable cause ot believe that they are counterfeit or contain contraband. When such mail is opened, it will be opened in the presence of the inmate in an appropriate, secure area of the institution by the Chief of Operations or his designee. The required form will be prepared and the correspondent and the inmate will be notified by the Chief of Operations, or his designee, that the mail was opened and the reason for the opening. The notification to the correspondent will be signed by the Chief of Operations.

The above quoted regulation comports with the guidelines set out in *Taylor v. Serrett*, 532 F.2d 462 (5th Cir.1976) (out-going mail from correctional facility to licensed attorneys must be sent unopened and incoming mail can be opened only to inspect for contraband and in the presence of the inmate recipient). *Accord, Wolff v. McDonnell*, 418 U.S. 539, 574–577, 94 S.Ct. 2963, 2983–85, 41 L.Ed.2d 935 (1974).

Plaintiff Evans' claim in this cause does not acknowledge that the mail he received from the Mississippi Department of Corrections was opened in his presence. Although Evans did not file any affidavits to rebut the Defendant's statement in his affidavit that it was, the Court is mindful of the liberality accorded the pleadings of *pro se* petitioners. *Miller v. Starmore*, 636 F.2d 986 (5th Cir.1981); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Accordingly, the Court determines that Plaintiff Evans has stated a cause of action upon which relief can be granted as to his "legal mail" allegation, the merits of which will be determined by the trier of fact at trial.

Consistent with the above findings, it is, therefore,

ORDERED AND ADJUDGED that Defendant's motion to dismiss Plaintiff's claim concerning violation of their visitation privileges shall be, and the same is hereby granted. It is, further,

ORDERED AND ADJUDGED that Defendant's motion to dismiss Plaintiffs' claim that their First Amendment rights were violated by Defendant with respect to their personal mail shall be, and the same is hereby, granted. It is, further,

ORDERED AND ADJUDGED that Defendant's motion to dismiss Plaintiff Evans' claim that his First Amendment rights were violated by Defendant with respect to his official or legal mail shall be, and the same is hereby, denied.