Jesus John **HERNANDEZ**,
Petitioner–Appellant,

v.

W.L. **GARRISON**, Warden, et al.,
Respondents–Appellees.

No. 90–1039
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 5, 1990.

---

Jesus John Hernandez, Littleton, Colo., pro se.

Mark McBride, Asst. U.S. Atty., Marvin Collins, U.S. Atty., Dallas, Tex., for respondents-appellees.

Before CLARK, Chief Judge, SMITH and WIENER, Circuit Judges.

PER CURIAM:

## I.

Jesus Hernandez appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. We affirm.

## II.

Hernandez was found guilty by a jury of violating various federal narcotics and firearms statutes. He was sentenced to a total of twenty years in prison, including a 15 year non-parolable term of imprisonment for participation in a continuing criminal enterprise, in violation of 21 U.S.C. § 848.

Hernandez filed an application for writ of habeas corpus attacking the conditions of his confinement pursuant to 28 U.S.C. § 2241 against the Warden at the Federal Correctional Institution (FCI), Seagoville, Texas, the U.S. Parole Commission, the U.S. Public Health Service and the U.S. Bureau of Prisons. He alleged that he was the subject of racial discrimination, subjected to cruel and unusual punishment by being placed at "overcrowded" FCI, Seagoville, Texas, denied medical treatment, and denied access to an adequate law library and educational facilities. Hernandez also alleged that the Sentencing Reform Act of 1984 had amended the no-parole provision of 21 U.S.C. § 848 and entitled him to parole eligibility during his original, non-parolable 15 year term. The magistrate found no merit in any of these contentions, and recommended that the petition be dismissed. After considering Hernandez's objections, the district court dismissed Hernandez's application for a writ of habeas corpus. Timely notice of appeal was filed.

Hernandez was incarcerated at FCI, Seagoville, Texas at the time he filed his petition. Before his petition was decided, he had been transferred to FCI, Safford, Arizona and then to FCI, Littleton, Colorado. Hernandez is presently incarcerated at FCI, La Tuna, New Mexico.

## III.

Hernandez raises three issues on appeal. First, he claims the district court erred by not making findings regarding his eighth amendment and discrimination claims. Second, Hernandez claims that the district court abused its discretion by not ruling on his motion to propound interrogatories and by not permitting him to amend his petition pursuant to Fed.R.Civ.P. 15. Third, Hernandez claims that the district court erred in ruling that the Comprehensive Crime Control Act of 1984 did not repeal the no-parole provisions of 21 U.S.C. § 848 with respect to persons whose sentences were not "final" as of the effective date.

### A. The Eighth Amendment and Discrimination Claims

■ Hernandez complains that the district court should have considered his eighth amendment and discrimination claims concerning overcrowding, and denial of medical treatment and access to an adequate law library at Seagoville. The only remedy Hernandez sought was a transfer to another federal correctional facility. This type of injunctive relief is not a proper subject for a habeas corpus petition. Nevertheless, the magistrate found that these claims were moot since Hernandez had been transferred to another federal correctional facility at the time his petition was considered.

The district court correctly adopted the magistrate's findings as to Hernandez's Seagoville claims. *See Hooten v. Jenne*, 786 F.2d 692, 697 n. 6 (5th Cir.1986); *Holland v. Purdy*, 457 F.2d 802, 803 (5th Cir. 1972).

### B. The District Court's Actions

Hernandez complains that the district court failed to rule on his motion to propound interrogatories and did not permit him to amend his petition pursuant to Fed. R.Civ.P. 15.

■ The rules of pretrial discovery, including the use of interrogatories pursuant to Fed.R.Civ.P. 33, are not applicable to habeas corpus proceedings, unless they are necessary to help the court "dispose of the matter as law and justice require." *Harris v. Nelson*, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086, 22 L.Ed.2d 281 (1969). Hernandez's motion for leave to propound interrogatories asserts that he wished to discover facts concerning conditions at Seagoville. Since these issues were mooted by Hernandez's transfer to another FCI, further information was unnecessary. There was no error in the district court's failure to rule on Hernandez's motion.

■ In his objections to the magistrate's report, Hernandez sought "leave to amend his Petition (if necessary)," but failed to state what his amendment would add. Hernandez stated that the District Court could "bifurcate" the instant action into a claim seeking damages [*see Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) ], and an action seeking habeas relief. Yet, he failed to ask for damages, which would have allowed construction of his amended claims as one pursuant to *Bivens*. Although amendments should be liberally granted, we review a trial court's decision to deny leave to amend only for abuse of discretion. *Guthrie v. J.C. Penney Co.*, 803 F.2d 202, 210 (5th Cir.1986); *Trinity Carton Co. v. Falstaff Brewing Corp.*, 767 F.2d 184, 194 (5th Cir.1985), *cert. denied*, 475 U.S. 1017, 106 S.Ct. 1202, 89 L.Ed.2d 315 (1986). On appeal, Hernandez still does not state what added information his amended petition would contain. He did not show that he was prejudiced by his inability to amend his petition. The district court did not abuse its discretion.

### C. The No–Parole Provision

■ Hernandez was sentenced on February 28, 1986. At the time of his sentencing, 21 U.S.C. § 848 explicitly disallowed parole eligibility, stating:

> In the case of any sentence imposed under this section, imposition or execution of such sentence shall not be suspended, probation shall not be granted, and section 4202 of Title 18 ... shall not apply.

21 U.S.C. § 848(e). Section 4202 (later amended to become incorporated in 18 U.S.C. § 4205) provided:

[w]henever confined and serving a definite term or terms of more than one year, a prisoner shall be eligible for release on parole after serving one-third of such term or terms or after serving ten years of a life sentence or of a sentence of over thirty years, except to the extent otherwise provided by law.

18 U.S.C. § 4205(a).

Hernandez relies on the 1984 Comprehensive Crime Control Act. That act deleted the words "section 4202 of title 18 ... shall not apply" from 21 U.S.C. § 848(e). Sentencing Reform Act of 1984, Pub.L. No. 98–473, § 224(c), 98 Stat. 2030 (1984). Hernandez argues that the 1984 Crime Control Act amendment entitles him to eligibility for parole during the first fifteen years of his sentence. Hernandez is mistaken. The amendment to § 848(e) was technical in nature. The section of the Sentencing Reform Act in which Congress amended § 848(e) was part of the "Technical and Conforming Amendments." Congress deleted the no-parole language to conform § 848(e) to the new federal sentencing scheme in which parole is abolished. *See Gallardo v. Quinlan*, 874 F.2d 186, 188 (3rd Cir.1989), *cert. denied*, — U.S. —, 110 S.Ct. 373, 107 L.Ed.2d 359 (1989). This technical amendment, in a congressional act which ultimately eliminates parole eligibility for all new prisoners, does not confer parole eligibility on prisoners who were previously ineligible for parole. *See Farese v. Story*, 823 F.2d 975 (6th Cir. 1987).

Moreover, the Sentencing Reform Act of 1984 applies only to those offenses occurring on or after its effective date, November 1, 1987. *See* Sentencing Reform Act, Pub.L. No. 98–473, § 235(a)(1), 98 Stat. 2031, amended by Pub.L. No. 99–217, § 4, 99 Stat. 1728 (1985). This court has previously held that the provisions of the new sentencing laws apply only if the underlying offense was committed after November 1, 1987. *United States v. Byrd*, 837 F.2d 179, 181 (5th Cir.1988). Hernandez claims the no-parole provision of § 848(e) does not apply to his sentence since this conviction and sentence were pending on appeal and thus not "final" until after the effective date of the amendments to § 848(e), November 1, 1987. Hernandez is again mistaken. It is the date of the underlying offense, not the date on which an appeal is affirmed that is the relevant date for determining the applicability of the new sentencing laws. Hernandez committed the underlying offense and was sentenced prior to November 1, 1987. The amendment to § 848(e) has no effect on Hernandez's ineligibility for parole.

### IV.

The decision of the district court denying Hernandez's petition is

AFFIRMED.