953 F.2d 1388
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael ROY, Plaintiff-Appellant,
v.
SAN FRANCISCO POLICE DEPARTMENT; Michael J. Mullone,
Inspector; Michael Hennessey, Sheriff,
Defendants-Appellees.
 No. 90-16339.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1991.*
Decided Jan. 30, 1992.
 
 1
 Before WILLIAM A. NORRIS and BOOCHEVER, Circuit Judges, and GILLIAM, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Michael Roy appeals pro se the district court's dismissal following summary judgment of his section 1983 suit against the City and County of San Francisco (the County) and others. He also appeals the court's denial of his post-judgment motion to amend his complaint to add an additional defendant and the court's denial of his motion for appointment of counsel. We AFFIRM.
 
 BACKGROUND
 
 4
 This suit arises out of the San Francisco Police Department's (SFPD) investigation, arrest, and pretrial detention of Roy for the June 1982 murder of Ken Miller, which Roy claims was justified self-defense. In investigating the killing, SFPD investigators Marvin Dean and Michael Mullane seized various items from Roy's hotel room. After interviewing several eyewitnesses, they obtained a warrant for Roy's arrest on Dean's affidavit establishing probable cause. Roy was eventually located while in custody at Connecticut State Prison on an unrelated charge. On his request to be tried on the Miller murder charge, he was transferred to San Francisco County jail, where he was confined for approximately seven weeks in June, July, and August 1983. On July 22, 1983, the District Attorney dismissed the murder charges. On July 25, 1983, while awaiting transfer back to Connecticut State Prison, Roy filed a section 1983 action against the SFPD, Inspector Mullane, and Sheriff Hennessey, complaining of the wrongful deprivation of property seized in the search of his hotel room.
 
 
 5
 Roy's amended complaint, filed in September 1985, contains three claims: (1) that Mullane unlawfully seized and refused to return Roy's property; (2) that Sheriff Hennessey and the County failed to provide him adequate legal services while he was incarcerated in the county jail; and (3) that Mullane obtained an arrest warrant in bad faith, knowing that Roy was not guilty of murder. The district court granted the County's motion for summary judgment on May 14, 1990. On May 25, 1990, Roy moved to vacate the judgment dismissing his complaint and to add Marvin Dean as a defendant. The court denied the motion.
 
 DISCUSSION
 I. Summary Judgment
 
 6
 While in general pro se documents are to be liberally construed, Estelle v. Gamble, 429 U.S. 97, 106 (1976), a "party opposing summary judgment may not rest on conclusory allegations, but must set forth specific facts showing that there is a genuine issue for trial." Leer v. Murphy, 844 F.2d 628, 631 (9th Cir.1988). We agree with the district court that Roy did not meet this standard, and therefore affirm the grant of summary judgment in favor of the defendants.
 
 
 7
 A. Seizure of Property Pursuant to Warrantless Search
 
 
 8
 In his complaint, Roy claims that Mullane and the County violated his constitutional rights by seizing property from his room without a search warrant. Beyond asserting that the search was warrantless, however, Roy made no argument or showing of illegality in response to the County's summary judgment motion.
 
 
 9
 The record clearly establishes that the warrantless seizure was lawful. Mullane's original entry into Roy's room was justified by the exigent circumstances that existed when he discovered Miller's body outside the open door to Roy's room and entered the room to determine if there was a weapon, another body, other suspects, or evidence in the room. See United States v. Doe, 819 F.2d 206, 210 (9th Cir.1985) (exigent circumstances exist for warrantless entry into home where police find body on front porch). His subsequent entry and seizure of items found in Roy's room was also lawful based on the consent of Carol Brady, who shared the room with Roy. See United States v. Matlock, 415 U.S. 164, 169 (1974) (co-occupant with joint authority may give valid consent for warrantless search). The district court's grant of summary judgment on this claim was therefore correct.
 
 
 10
 *1388_
 
 
 11
 B. Deprivation of Property Without Due Process
 
 
 12
 Roy complains that Mullane violated his constitutional rights by refusing to return the seized property after the murder charge was dismissed. Further, he argues that the state remedy for return of the property was inadequate because he was not informed of its existence and was denied access to the law library and sufficient legal assistance to find out about it. We agree with the district court that although a factual dispute existed about whether Roy asked Mullane to return the property, the state's post-deprivation remedy was adequate.
 
 
 13
 Although a state must provide due process before depriving a citizen of property, when predeprivation process is impractical or impossible, the availability of some meaningful post-deprivation remedy satisfies due process. Parratt v. Taylor, 451 U.S. 527, 539 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 330 (1986). Since predeprivation process is impractical when property is seized as potential criminal evidence, see Coleman v. Faulkner, 697 F.2d 1347, 1349 (10th Cir.1982), the state post-deprivation procedure set forth in Cal.Penal Code section 1413 satisfies due process in such cases.
 
 
 14
 Roy does not dispute that such a state procedure exists. His complaint is that it was not a meaningful remedy because he was unable to avail himself of it. However, even taking as true the allegation that during Roy's stay in San Francisco he was effectively deprived of a post-deprivation remedy through lack of legal access, Roy has failed to establish a due process violation. He has not alleged that the deprivation continued after his transfer to Connecticut State Prison. Upon his transfer to Connecticut State Prison, Roy could have utilized the law library there to ascertain his state remedies. If there were no California legal materials available, he could have at least written to County jail authorities demanding the return of the property or inquiring as to the steps he needed to take. Roy simply failed to make an adequate inquiry into established property recovery procedures. This is clearly insufficient to establish a due process violation.
 
 
 15
 C. Failure To Provide Adequate Legal Services
 
 
 16
 Roy claims that the County and Sheriff Hennessey denied him adequate access to the law library and legal assistance during his stay at the County jail, thus preventing him from pursuing his property recovery claim. We agree with the district court that any denial was not serious enough to amount to a constitutional violation, given the briefness of Roy's stay at the county jail.
 
 
 17
 Incarcerated prisoners have a constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977). To ensure such access, states must provide "prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds, 430 U.S. at 828. In determining the extent of Bounds rights in cases of individuals incarcerated in county jails, courts have made distinctions based on the brevity of their incarceration. Jails need not provide access to libraries or legal assistance to prisoners incarcerated pending transfer to other institutions, or to prisoners "whose confinement is of a very temporary nature." Cruz v. Hauck, 515 F.2d 322, 332-33 (5th Cir.1975), cert. denied sub nom. Andrade v. Hauck, 424 U.S. 917 (1976). See also Jones v. Smith, 784 F.2d 149, 152 (2d Cir.1986) (deprivation during 30-day confinement de minimus and not of constitutional dimensions); Hooten v. Jenne, 786 F.2d 692, 697 (5th Cir.1986) ("[I]f because of the shortness of incarceration the courts would not reasonably expect an inmate to have sufficient time to petition the courts, then the courts may not require the jail authorities to furnish Bounds access.").
 
 
 18
 Roy's stay in the county jail was both brief and temporary. He was confined there for a total of approximately seven weeks. The County is only obliged to provide access to a law library or legal assistance to prisoners pursuing pro se claims. Roy did not have a claim for the return of his property until murder charges were dropped on July 22, 1983. Before this, the items were properly retained by the police department as evidence. See Cal.Penal Code §§ 1407-1419. During the ten-day period between the dropping of murder charges and Roy's transfer to Connecticut State Prison, Roy's incarceration was temporary, pending transfer. The County was under no duty to provide him access to the law library or legal assistance during this period. See Cruz v. Hauck, 515 F.2d at 332-33.
 
 
 19
 *1388_
 
 F. Arrest Without Probable Cause
 
 20
 Roy argues that his arrest was unlawful because there was no probable cause to believe he was guilty of murder. The district court properly granted summary judgment on this claim because the supporting affidavit was signed by Dean, who was not named as a defendant, and because Roy submitted no evidence that any impropriety in Roy's arrest was due to an official policy or custom of the County.
 
 
 21
 Roy argues that Investigator Mullane knew Roy had killed Miller in self-defense, and is individually liable because he conspired with Dean. Section 1983 liability, however, only arises when a plaintiff can show the defendant's "personal participation" in the constitutional violation. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989). Roy's allegation of conspiracy, made for the first time on appeal, would have been inadequate to show Mullane's personal participation in the preparation of the warrant even had it been presented in the summary judgment proceedings. Roy also argues the County is liable because it has no written policy statements or guidelines for murder arrests. Pointing to this lack does not establish a custom or practice of impropriety, however.
 
 
 22
 To summarize, the district court's grant of summary judgment was proper.
 
 II. Denial of Motion to Amend Complaint
 
 23
 After the court entered summary judgment dismissing the complaint, Roy moved to vacate the judgment and to amend his complaint to add Marvin Dean as a defendant. We review the court's denial of the motion for abuse of discretion. Burns v. County of King, 883 F.2d 819, 823 (9th Cir.1989). Here, there is no abuse of discretion because amendment would have been futile.
 
 
 24
 Dean is entitled to qualified immunity. Hansen v. Black, 885 F.2d 642, 644 (9th Cir.1989). Under the qualified immunity doctrine, Dean would be liable only if he submitted an affidavit that contained statements he knew to be false or in reckless disregard of the truth, and these false statements were necessary to a finding of probable cause. Branch v. Tunnell, 937 F.2d 1382, 1387 (9th Cir.1991).
 
 
 25
 Roy claims that Dean's statements concerning the circumstances of the murder were false, and Dean knew them to be false. Even accepting this proposition, Dean is shielded from liability because the disputed statements were not necessary to establish probable cause for Roy's arrest. In addition to murder charges, the warrant orders Roy's arrest on drug and stolen property charges. Dean's affidavit establishes probable cause for an arrest based on these charges alone. The fact that Roy was not ultimately charged with unlawful possession of drugs or stolen property is immaterial.
 
 
 26
 Dean stated that in the search of Roy's apartment police seized drugs believed possessed for unlawful sale and a camera which police records indicated had been stolen in an earlier burglary. This statement is corroborated by police inventory records. Probable cause was thus clearly established for Roy's arrest apart from the disputed facts about Miller's death, and Dean would not be liable even had he knowingly lied about the murder.
 
 
 27
 III. Denial of Motion for Appointment of Counsel
 
 
 28
 We review the district court's denial of appointment of counsel in a civil case for abuse of discretion. Burns, 883 F.2d at 823. Exceptional circumstances must exist to justify appointment of counsel in a civil suit, such as likelihood of success or complexity of the legal issues. Burns, 883 F.2d at 824. The circumstances here were not exceptional because Roy had little chance of succeeding on the merits, nor were the issues he raised novel or complex.
 
 
 29
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 Honorable Earl B. Gilliam, United States District Judge for the Southern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3