F I L E D
**United States Court of Appeals
Tenth Circuit**

**JAN 29 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

ROBERT CALVIN CRAIG, JR.,

      Petitioner-Appellant,

v.

TOM C. MARTIN; FRANKLIN
FREEMAN,

      Respondents-Appellees.

No. 97-6042
(D.C. No. 96-CV-1696)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **BARRETT**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Robert Calvin Craig, Jr., appeals the district court's denial of his petition for writ of habeas corpus. Craig pled guilty to second degree murder in a North Carolina state court and was sentenced to life imprisonment. He served a portion of his sentence in the Great Plains Correctional Facility in Oklahoma and was then returned to North Carolina. In his habeas petition, Craig's sole request for relief is that he be transferred, by air instead of by car, back to Oklahoma. The magistrate judge recommended that the petition be denied. The district court affirmed the findings and recommendation of the magistrate judge in their entirety. Because the magistrate judge did not address Craig's petition as one for a writ of habeas corpus ad prosequendum and/or ad testificandum, the district court did so and also concluded that relief should be denied. We agree with the conclusions of both the magistrate judge and the district court.

A writ of habeas corpus is an inapposite remedy to rectify allegedly incorrect prison assignments. See Hernandez v. Garrison, 916 F.2d 291, 293 (5th Cir. 1990); see generally Olim v. Wakinekona, 461 U.S. 238, 245-46 (1983) (holding, in § 1983 context, that interstate prison transfer does not implicate a due process liberty interest absent state creation of same). Craig's petition asks that he be re-incarcerated in Oklahoma; a writ of habeas corpus cannot afford him such relief.

To the extent Craig complained that he was incorrectly transferred back to North Carolina while a prior habeas action was pending in this court in contravention of Fed. R. App. P. 23(c), Craig has failed to demonstrate the required prejudice from the transfer to qualify for habeas relief. See Hammer v. Meachum, 691 F.2d 958, 961 (10th Cir. 1982).

Craig's outstanding motions are DENIED and, specifically, Craig's motion for a certificate of appealability is DENIED. This appeal is DISMISSED for lack of a substantial showing of the denial of a constitutional right required by 28 U.S.C. § 2253(c)(2), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). The mandate shall issue forthwith.

Entered for the Court

Wade Brorby
Circuit Judge