F I L E D
United States Court of Appeals
Tenth Circuit

JUL 16 1998

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PATRICK ANTHONY CIMINO,

     Petitioner - Appellant,

v.

WILLIAM PERRILL,

     Respondent - Appellee.

No. 98-1055

(D.C. No. 97-Z-60)

(D. Colo)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **EBEL**, and **MURPHY**, Circuit Judges.[**]

Petitioner Patrick Anthony Cimino, proceeding pro se and in forma pauperis,

appeals the district court's order denying his 28 U.S.C. §§ 2241 and 2243 application for

a writ of habeas corpus and dismissing his action for damages pursuant to Bivens v. Six

Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  On

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]     After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore submitted without oral argument.

appeal, Petitioner argues that the district court erroneously denied his application for habeas relief as moot and dismissed his damages claim on the grounds that the claim could be addressed in one of two suits pending before the court in which Petitioner raised identical claims. Our jurisdiction arises under 28 U.S.C. § 1291. We affirm the district court, but remand with instructions that the cause be dismissed without prejudice.

On January 14, 1997, while incarcerated as a pretrial detainee at the Federal Detention Center in Englewood, Colorado, Petitioner filed this application for a writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2243. In his application, Petitioner sought injunctive relief and damages for alleged violations of his constitutional rights. Specifically, Petitioner requested that the district court order Respondent: (1) to pay him damages, and (2) to provide him with proper medical care.[1] On the same day, Petitioner also filed two damage suits against Respondent alleging that Respondent had been deliberately indifferent to his medical needs. After filing these lawsuits, authorities transferred Petitioner to the Federal Medical Center in Fort Worth, Texas.

---

[1] In an addendum to his application for a writ of habeas corpus, Petitioner also requested that the district court vacate his conviction, bar authorities from instituting further proceedings against him, and order his immediate release from confinement. Aside from a conclusory statement that he is entitled to the above relief, Petitioner presented no argument to the district court explaining why his sentence should be vacated and he should be released from confinement. Accordingly, the district court properly denied the relief he requested in the addendum. United States v. Fisher, 38 F.3d 1144, 1147 (10th Cir. 1994) (although court must liberally construe pro se petition, it is not required to fashion arguments for Petitioner where his allegations are conclusory and without supporting factual averments.).

The district court referred Petitioner's application to a magistrate judge. Noting that Petitioner was no longer in custody at FDC-Englewood, the magistrate recommended that Petitioner's application be denied as moot to the extent he sought injunctive relief against Respondent. With regard to Petitioner's damage claim, the magistrate determined that Petitioner could raise the claim in one of the damages actions pending before the court. Therefore, he recommended that Petitioner's damage action be dismissed. Adopting the magistrate's recommendation, the district court denied Petitioner's request for a writ of habeas corpus and dismissed his damages action with prejudice.

We have carefully reviewed the parties' briefs, the magistrate's recommendation, the district court's order and the entire record before us. We conclude that when authorities transferred Petitioner to the Federal Medical Center in Fort Worth, Texas, his request for injunctive relief against officials at FDC-Englewood became moot. See Hernandez v. Garrison, 916 F.2d 291, 293 (5th Cir. 1990) (Per Curiam). We further conclude that the magistrate correctly determined that Petitioner's damages claim should be pursued in one of his "companion" cases. Cf. Rivarde by Rivarde v. State of Missouri, 930 F.2d 641, 643-45 (8th Cir. 1991) (members of plaintiff class in class action cannot bring separate individual action premised on same grounds as pending class action.). Therefore, we AFFIRM the judgment of the district court. To avoid confusion regarding Petitioner's ability to pursue his damages claim in one of his other pending suits, however, we believe the district court's dismissal must be without prejudice.

3

Accordingly, we REMAND the case with instructions that the judgment be modified and the damages claim be dismissed without prejudice. Petitioner's motion to proceed in forma pauperis is granted. Respondent's motion to supplement the record is granted.

Entered for the Court,


Bobby R. Baldock
Circuit Judge