# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 98-41150
Summary Calendar

DENNIS CHAN LAI,

Petitioner-Appellant,

versus

PERCY H. PITZER, Warden,
Beaumont United States Penitentiary

Respondent-Appellee.

Appeal from the United States District Court
for the Eastern District of Texas

(1:98-CV-1751)

June 23, 1999

Before POLITZ, BARKSDALE and STEWART, Circuit Judges.

PER CURIAM:[*]

A jury in the Northern District of California found Dennis Chan Lai guilty of running a continuing criminal enterprise under 21 U.S.C. § 848, conspiracy to distribute cocaine, 32 counts of distribution or possession with intent to distribute cocaine, interstate travel in aid of racketeering, and weapons charges.[2] Lai was

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except in the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[2]*See United States v. Lai*, 944 F.2d 1434 (9th Cir. 1991).

sentenced to life imprisonment on the continuing criminal enterprise conviction, twenty years on the conspiracy conviction, and ten years on one count of distribution, all to run consecutively with the remaining sentences imposed to run concurrently.[3] The court ultimately vacated Lai's conviction and twenty-year sentence for conspiring to distribute cocaine as an improper cumulative sentence.[4] Lai's net sentence, after appeal, was life plus ten years.

Lai, currently incarcerated in Beaumont, Texas, filed a petition under 28 U.S.C. § 2241. The district court, treating the filing as a successive 28 U.S.C. § 2255 motion, denied same. Lai appeals that denial, challenging the manner in which his sentence is being executed. Lai essentially contends that his life sentence under 21 U.S.C. § 848 for continuing criminal enterprise was ambiguous and should be construed as a sentence of life with parole in the wake of the amendments to § 848 by the Sentencing Reform Act of 1984 (SRA). Specifically, Lai asserts that § 224(c) of the SRA amended § 848 so as to allow parole, and that his sentence is subject to the SRA because he was sentenced after November 1, 1987. Finding these contentions without merit, we affirm.

The invocation of 28 U.S.C. § 2255 is the proper means of attacking errors occurring before or during sentencing. By contrast, 28 U.S.C. § 2241 "is the proper vehicle used to attack the manner in which a sentence is being executed."[5] Lai's

---

[3]*See id.* at 1438-39.

[4]*Id.* at 1437.

[5]*Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997).

arguments implicate not only the manner in which his sentence is being executed --

he challenges the Bureau of Prison's refusal to hold a parole hearing on the ground

that he is not eligible for parole -- but he also alleges errors that occurred during

sentencing -- he questions the intent of the court when it sentenced him to a "life

term" under 21 U.S.C. § 848 without mentioning parole.

Whether Lai's petition is viewed as a § 2255 motion or as a § 2241 petition,

he is not entitled to relief. To the extent his claims arise under § 2255, the only

court with jurisdiction to hear that motion is the sentencing court, specifically, the

Northern District of California.[6] Lai has therefore failed to make a credible

showing that the district court erred by dismissing his petition to the extent it is

properly construed as a § 2255 motion.[7] Accordingly, we deny Lai a certificate of

appealability to the extent that the claims advanced arise under § 2255.

To the extent that Lai's claims arise under § 2241, they are foreclosed by our

precedents. We may affirm the district court on any grounds supported by the

record.[8] The SRA amendment to § 848 was "technical in nature" and did not

confer parole eligibility on prisoners such as Lai who previously were ineligible for

parole.[9] Further, the SRA applies only to those offenses that occurred on or after

---

[6] *Id.*; 28 U.S.C. § 2255.

[7] *See Sonnier v. Johnson*, 161 F.3d 941 (5th Cir. 1998).

[8] *See United States v. McSween*, 53 F.3d 684, 687 n.3 (5th Cir. 1995).

[9] *Hernandez v. Garrison*, 916 F.2d 291, 294 (5th Cir. 1990).

3

its effective date, November 1, 1987.[10] Lai committed the offenses at issue herein between July 1983 and October 1985. Accordingly, the SRA's amendment to § 848 affords Lai no relief.

The judgment appealed is AFFIRMED.

---

[10]*Id.* ("It is the date of the underlying offense, not the date on which an appeal is affirmed that is the relevant date for determining the applicability of the new sentencing laws.").