IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10502
Conference Calendar
_____


CHARLES NGI TAMFU,

                                        Petitioner-Appellant,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL;
ANTHONY MEDELLIN, Airpark Unit Facility Director
of the Big Spring Correctional Center,

                                        Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:02-CV-33
--------------------
October 30, 2002

Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Charles Ngi Tamfu, federal prisoner number 33436-077, appeals from the denial of his 28 U.S.C. § 2241 petition in which he challenged the conditions of his confinement at the Airpark and Flightline Units and also asserted that he was improperly confined at a facility for deportable aliens even though he is a U.S. citizen.  Tamfu argues that a recent transfer from the

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Airpark Unit did not render his claims moot because he sought declaratory relief and the respondents could transfer him back to Airpark. Tamfu's argument is speculative and without merit. See Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002); Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001); Hernandez v. Garrison, 916 F.2d 291, 293 (5th Cir. 1990).

Tamfu also argues that the district court erroneously dismissed his challenges to the conditions of confinement based on a failure to exhaust administrative remedies. We need not decide the exhaustion issue. Because Tamfu is no longer incarcerated at the Airpark or Flightline Units, any claims for declaratory or injunctive relief are moot. See Edwards v. Johnson, 209 F.3d 772, 776 (5th Cir. 2000); Pembroke v. Wood County, Texas, 981 F.2d 225, 228 (5th Cir. 1993).

Finally, Tamfu argues that the district court erroneously denied his motion to recuse the district judge. Tamfu has failed to show that a reasonable person who knew all of the circumstances would harbor any doubts about the judge's impartiality. See Levitt v. University of Texas at El Paso, 847 F.2d 221, 226 (5th Cir. 1988); see also United States v. Harrelson, 754 F.2d 1153, 1165 (5th Cir. 1985).

AFFRIMED.