# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 20, 2009

Charles R. Fulbruge III
Clerk

No. 08-60164
Summary Calendar

GARRY MOORE

Petitioner-Appellant

v.

RONALD KING; FLORENCE JONES

Respondents-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:07-CV-151

Before JONES, Chief Judge, and DENNIS and HAYNES, Circuit Judges.

PER CURIAM:[*]

Garry Moore, Mississippi prisoner # 46504, appeals the dismissal of his habeas corpus petition filed under 28 U.S.C. § 2241. Moore did not challenge the conviction or sentence that has placed him in the custody of the State of Mississippi. Instead, he sought a transfer from the South Mississippi Correctional Institution (SMCI) to a community correction center (CCC) where he was formerly confined. Moore alleged that his transfer from the CCC to the SMCI was in retaliation for the exercise of his First Amendment rights, in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

violation of the Equal Protection Clause, and in violation of the Americans with Disabilities Act (ADA).

The district court sua sponte dismissed Moore's petition after determining that a § 2241 habeas corpus petition was not the correct vehicle for raising claims concerning conditions of confinement. Moore cites to numerous nonbinding decisions from other circuits suggesting that § 2241 may be a proper vehicle for certain challenges to the place of incarceration. However, Moore has offered no binding or persuasive authority for considering his civil rights claims as arising under § 2241.

"Simply stated, habeas is not available to review questions unrelated to the cause of detention." Pierre v. United States, 525 F.2d 933, 935 (5th Cir. 1976). Because Moore does not seek release from custody, his claims are not cognizable in a habeas proceeding. Id.; see Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997). Moreover, the injunctive remedy of transfer to another correctional facility "is not a proper subject for a habeas corpus petition." Hernandez v. Garrison, 916 F.2d 291, 293 (5th Cir. 1990) (§ 2241 case).

The judgment of the district court is AFFIRMED.