# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10155
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 29, 2014

Lyle W. Cayce
Clerk

LUIS MADRID,

Petitioner - Appellant

v.

JASON JONES, Warden BSCC Cedar Hill Unit,

Respondent - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:14-CV-3

Before JOLLY, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:[*]

Having pleaded guilty in 2009, Luis Madrid, *pro se* and *in forma pauperis*, appeals the dismissal, for lack of jurisdiction, of his 28 U.S.C. § 2241 petition, which challenges his convictions and sentences (2010) for conspiring to commit mail and wire fraud. 18 U.S.C. § 371. Madrid did not appeal. His 28 U.S.C. § 2255 motion was denied, and he filed an unsuccessful motion for

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-10155

authorization to file a second § 2255 motion.  His § 2241 petition was filed in 2014.

Madrid asserts, in the light of *United States v. Santos*, 553 U.S. 507 (2008), that he was convicted of nonexistent offenses.  Citing *Garland v. Roy*, 615 F.3d 391, 397–404 (5th Cir. 2010), and *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001), he contends he is entitled to assert his claims via the savings clause of 28 U.S.C. § 2255(e).

Along that line, and as a general rule, a federal prisoner seeking to collaterally challenge the legality of his conviction or sentence must file a § 2255 motion.  *Padilla v. United States*, 416 F.3d 424, 425–26 (5th Cir. 2005).  Such claims may  be raised in a § 2241 petition under the  savings  clause  of § 2255(e) only if the prisoner shows the § 2255 remedy is "inadequate or ineffective to test the legality of his detention".  28 U.S.C. § 2255(e).  When a prisoner appeals the dismissal of a § 2241 petition, we review the "district court's findings of fact for clear error and its rulings on issues of law *de novo*".  *Padilla*, 416 F.3d at 425.

Madrid's § 2255 remedy was not inadequate for purposes of the savings clause simply because he filed an unsuccessful § 2255 motion and was unable to meet the requirements for filing a successive § 2255 motion.  *See Tolliver v. Dobre,* 211 F.3d 876, 878 (5th Cir. 2000) (per curiam).  To show his § 2255 remedy was inadequate, Madrid was required to raise a claim of actual innocence:  "(i) that [wa]s based on a retroactively applicable Supreme Court decision which establishes that [he] may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in [his] trial, appeal or first § 2255 motion".  *Reyes-Requena,* 243 F.3d at 904.  Madrid's *Santos*-based claims do not meet that

standard. For example, *Santos* was decided in 2008, prior to Madrid's pleading guilty in 2009.

Madrid also asserts, but fails to establish, that the district court abused its discretion in denying his request for discovery to support jurisdiction. *See Hernandez v. Garrison*, 916 F.2d 291, 293 (5th Cir. 1990); *see also Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871 (5th Cir. 2000) ("We review a district court's discovery decisions for abuse of discretion and will affirm such decisions unless they are arbitrary or clearly unreasonable.").

AFFIRMED.