# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-51222
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 8, 2017

Lyle W. Cayce
Clerk

JOHN RANDALL FUTCH,

Petitioner-Appellant

v.

CHERON NASH,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:16-CV-175

Before STEWART, Chief Judge, and PRADO and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

John Randall Futch, federal prisoner # 08700-021, appeals the denial of relief under 28 U.S.C. § 2241. He challenges a disciplinary conviction for violating "Code 299, Conduct Which Disrupts the Security or Orderly Running of the Institution, Most Like Code 206, Making Sexual Proposals or Threats to Another Person." Futch argues that the district court abused its discretion in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-51222

in finding that there was some evidence to support his disciplinary conviction and by denying his motion for discovery.

While Futch contends that he did not receive all of the due process protections to which he was entitled under *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), he fails to challenge the district court's determination that he was provided notice of the charges and notice of the hearing, that he was informed of his rights, and that he was provided the disciplinary hearing officer's written report. Also, Futch does not include argument challenging the district court's finding that he received all of his *Wolff* due process rights during the disciplinary proceeding. Futch has therefore abandoned these issues. *See United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

According to Futch, the district court erred by determining that there was some evidence to support a finding of guilt, as evidence was falsified and, if discovery of "the 'first drop note'" had been allowed, he would have been able to refute the evidence that was presented. As the record demonstrates that there was some evidence to support the finding of guilt, Futch's challenge to the sufficiency of the evidence is without merit. *See Teague v. Quarterman*, 482 F.3d 769, 773 (5th Cir. 2007); *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994). Moreover, the record shows that the drop note in question was irrelevant to the evidence submitted during the disciplinary proceeding and that there was no evidence to substantiate Futch's claim that a prison official falsified her statement.

Finally, the district court's denial of discovery was not an abuse of discretion. *See Moore v. Willis Indep. Sch. Dist.,* 233 F.3d 871, 876 (5th Cir. 2000); *Hernandez v. Garrison,* 916 F.2d 291, 293 (5th Cir. 1990). Accordingly, the judgment of the district court is AFFIRMED.